# THOMAS J. ROBINSON, Respondent, v. A. J. SEAY, Appellant.

St. Louis Court of Appeals.    Argued and Submitted June 2, 1913.    Opinion Filed June 24, 1913.

1. **PLEADING: Sufficiency of Petition: Demurrer Ore Tenus: Trial Practice.** When the defendant does not challenge the petition by demurrer, but answers and goes to trial, the petition will be held good, on objection to the introduction of any evidence, if it is sufficient to sustain a judgment, although the cause of action counted on is defectively stated.

2. ————: ————: ————: ————. The practice of testing the sufficiency of a petition by objecting to the introduction of any evidence is not encouraged, and such mode of attack is good only when the petition entirely fails to state a cause of action so that a motion in arrest of judgment would be sustained.

3. **CONTRIBUTION: Breach of Covenant of Warranty: Contribution Between Grantors: Sufficiency of Petition.** In an action for contribution, the petition alleged that plaintiff, defendant and a third person sold a tract of land which they owned as equal partners, all of them joining in the execution of the deed; that the grantee, on taking possession of the land, found that the grantors did not have title to part of it or "as promised him," and that he thereupon instituted "his proper suit in the circuit court of Osage county, Missouri, the warranting of title in said deed of conveyance" against plaintiff and the third person, to recover $1500 damages, which he estimated was the fair value of the part of the tract involved, so to him warranted by the three grantors; that defendant, although not a party to said suit, was kept fully advised concerning the same; that the grantee recovered judgment, which the two grantors who were sued paid and discharged; and that one of such grantors assigned his right of recovery against defendant, on account of such payment and the expenses paid in defending the suit, to the other grantor. The prayer was for judgment against defendant for one-third of the amount of the judgment and expenses paid in such suit. *Held*, that an averment that the grantee was evicted under an outstanding paramount title and an averment of facts sufficient to show that the judgment rendered was binding on the defendant in this case were necessary averments, and, while the petition pleads these facts insufficiently, it is not so fatally defective in this regard as to make it vulnerable to attack by an objection to the introduction of any evidence.

4. ———: Res Adjudicata: Conclusiveness of Judgment as Between Defendants. As affecting the right to contribution, a judgment against several parties is conclusive between them only in the event they were adversaries and had an opportunity to determine the obligation as between themselves.

5. ———: ———: Judgment by Consent: Conclusiveness on Co-Obligor. A consent judgment in favor of a grantee for breach of warranty, against two of the three grantors, is not *res adjudicata* as against the third grantor, in a suit against him for contribution, when he was not a party to the action and was not notified of its pendency and called upon to defend it; but, to hold him liable for contribution, his liability to the grantee must be established independently of the judgment, and this is true even though all three of them were partners in the transaction.

6. JUDGMENTS: Judgment by Consent: Conclusiveness on Copartner or Co-Obligor. In the absence of express authorization, a partner or other joint obligor is not bound by a judgment rendered by consent of his copartner or co-obligor.

7. CONTRIBUTION: Breach of Covenant of Warranty: Contribution Between Grantors. A grantor, who seeks to recover contribution from a cograntor for damages paid the grantee by reason of a breach of covenant of warranty, must show a breach of the covenant; and where the grantor paid a sum to the grantee merely to secure his peace, and not by virtue of any breach of covenant, he has no right of action against the cograntor.

Appeal from Franklin Circuit Court.—*Hon. R. A. Bruer*, Judge.

REVERSED AND REMANDED.

*J. C. Kiskaddon* and *A. H. Kiskaddon* for appellant.

(1) An action for contribution between co-obligors is an action at law and not a suit in equity. Jeffries v. Ferguson, 87 Mo. 244; Hanna v. Hyatt, 67 Mo. App. 308; Van Pelten v. Richardson, 68 Mo. 379. (2) The judgment rendered against defendants in the action of Heckman v. Robinson and Lambeth, to which action A. J. Seay was not a party, is in no way binding on said Seay. Rieschick v. Klingelhoefer, 91

Mo. App. 430; Loyd v Tracy, 53 Mo. App. 175; Ford
v. O'Donnell, 40 Mo. App. 51.(3) In the case of Heck-
man v. Robinson and Lambeth, even if A. J. Seay had
been made a party, and necessarily he would have had
to be party on that side, in an action between said par-
ties to settle their respective rights *inter sese,* they not
being adversary parties, the judgment rendered is not
binding on any of them, but they may litigate their re-
spective rights, whatever they may be.   Bank v. Bartle,
114 Mo. 276; McMahon v. Geiger, 73 Mo. 145; Spring-
field v. Plummer, 89 Mo. App. 515.   (4)  A co-obligor
who is not a party to the action against his other
obligors cannot be and is not bound by any judgment
rendered against the actual parties to the action, unless
he had specific notice of the pendency of the action,
with a demand to appear and defend, and an oppor-
tunity to defend.   Mere knowledge that such an action
had been brought, even attendance at the trial and tes-
tifying thereat as a witness, is not sufficient notice.
Wheelock v. Overshiner, 110 Mo. 100; Fallon v. Mur-
ray, 16 Mo. 168; Field v. Hunter, 8 Mo. 128; Spring-
field v. Plummer, 89 Mo. App. 515; Garrison v. Trans.
Co., 94 Mo. 130.   (5)  But the judgment in the Heck-
man v. Robinson and Lambeth case was rendered with-
out a trial, by consent, upon a compromise, as appears
by the recitals in the judgment.   It has been held that
such a judgment is not at all binding on one who was
an actual party in the action and who did not affirma-
tively consent to the compromise.   If not binding on a
nonconsenting party, can it be for any purpose binding
on some one who was not a party at all?   Murree v.
Town, 65 S. W. (Ky.) 118; Lawrence, etc., v. Jonesville,
138 U. S. 552; Cathcart v. Foulke, 13 Mo. 561.

*James Booth* and *Ryors, Vosholl & Monroe* for re-
spondent.

(1)  The petition, attacked by objection to the
introduction of any evidence, is good.   Rodgers v.

Insurance Co., 186 Mo. 255. At least the petition is tantamount to a cause of action defectively stated, and is not a showing of a defective cause of action. Water Co. v. City of Aurora, 129 Mo. 584. (2) In matters of contract where there is a joint undertaking the law raises a promise of contribution. Lebeaume v. Sweeney, 17 Mo. 157. Evidence being introduced tending to show appellant had due notice of the Heckman claim and suit and appellant remaining silent, offering no contradictory evidence, the evidence offered becomes conclusive. Donor v. Ingram, 119 Mo. App. 158. Unnecessary to charge eviction if grantors never had title at time of making deed. Rawle on Covenants for Title (4 Ed.), p. 154; Murphy v. Price, 48 Mo. 250. (3) Upon the facts pleaded and shown by the evidence, the appellant and the respondent and one S. M. Lambeth were not, strictly speaking, partners, but were engaged in a joint enterprise, to-wit, buying and selling a certain tract of land, the title to which was of record in the name of appellant alone. The principles of law governing joint ventures are applicable in this case. Seehorn v. Hall, 130 Mo. 257; Wetmore v. Crouch, 150 Mo. 671; Dorwartz v. Ball, 71 Neb. 173; Clark v. Mills, 35 Kan. 393; Ledyard v. Emerson, 140 N. C. 288; Whetstone v. Shaw, 70 Mo. 575; Donovan v. Barnett, 27 Mo. App. 461; Baum v. Stephenson, 133 Mo. App. 201. (4) A judgment by consent is binding as res judicata, as any other judgment. Freeman on Judgments, sec. 30, note I.

REYNOLDS, P. J.—The amended or substituted petition upon which this case was tried alleges that plaintiff, one S. M. Lambeth, and the defendant here, A. J. Seay, on the 22d of November, 1890, were equal partners in a large tract of land in Osage county, Missouri, acquired by them by purchase from one D. A. Waters, administrator of one G. W. Pryor, deceased, each of these parties contributing in equal parts to the

purchase thereof; that the purchase was made for the purpose of sale of the land to others for an anticipated profit, and that to facilitate such sales as were hoped to be made, title to the land was taken in the name of the defendant Seay; that afterwards these three parties sold and conveyed a large part of the land to one C. L. Heckmann for a large consideration in money to them paid, all three of the owners joining in the deed of conveyance to Heckmann; that included in the tract sold to Heckmann was a tract of eleven and seventy-three hundredths acres described; that on taking possession of the land so purchased and conveyed to him by these parties, Heckmann found that his grantors never at any time had title to these eleven and seventy-three hundredths acres or any part thereof "as promised him," and that thereupon Heckmann instituted "his proper suit in the circuit court of Osage county, Missouri, the warranting of title in said deed of conveyance to him as aforesaid by proper petition against the said Thos. J. Robinson and the said S. M. Lambeth to recover the sum of $1500 for his damages," which he estimated to be the fair value of the eleven and a fraction acres conveyed to him, "so to him warranted by the said Thos. J. Robinson, S. M. Lambeth and A. J. Seay;" that such proceedings were had in that suit as resulted in a judgment against plaintiff and Lambeth for the sum of $300; that Seay, although not a party to the suit brought by Heckmann, had full knowledge and was kept informed of the pendency and progress of the suit, of its nature and of the claim of Heckmann and of the steps taken by plaintiff and Lambeth to defend against the suit; that during the entire pendency of the suit, Seay was a nonresident of the State of Missouri, and that in defending the suit Robinson and Lambeth were put to great expense and trouble and compelled to hire an attorney and to pay him a large sum of money, to-wit, $100; that as the final result of the suit Robinson and Lambeth, in August, 1894, paid

out in all the sum of $400, incurred, that is to say, $300 on account of the judgment, "and $100 fee for their attorney representing said Robinson and Seay in said suit;" that immediately thereafter Robinson and Lambeth notified Seay by letter of the ultimate result of the litigation and of the payment by them of the money above mentioned, to whom paid and for what reason, and demanded of Seay that he pay back to them one-third part thereof; that finding their demands unavailing and that Seay would not pay this one-third, Lambeth assigned to Robinson all of his right, interest, etc., in and concerning the demand against Seay who instituted this action against Seay in the circuit court of Franklin county, in 1895, returnable to the September, 1895, term, the defendant Seay then being found in the county and duly served. It is further charged in this substituted petition—substituted for one filed in 1895, but lost, hence the averments here of matter occurring after that suit was instituted—that ever since January, 1895, defendant Seay had and now has in his possession the sum of $113.33, "which is justly in good conscience due plaintiff; that they were partners as regards the land purchased from D. A. Waters, as stated herein, and in the land so sold to W. L. Heckmann; that by the deed and conveyance to W. L. Heckmann there was occasioned a net loss to the partnership of $400, which should in conscience be borne by the parties equally." Judgment is demanded for one-third of this with interest from the 25th of April, 1895, at the rate of six per cent per annum, and costs.

The answer is a general denial.

The trial was before the court, a jury being waived, and on plaintiff first offering evidence in the case, defendant's counsel objected to the introduction of any evidence on the ground that the petition fails to state facts sufficient to constitute a cause of action. This being overruled, exception was duly saved.

Plaintiff then introduced a deed from Waters, administrator of Pryor, of date 28th of February, 1890, conveying a large tract of land to A. J. Seay. The deed is in the ordinary form of an administrator's deed. It was objected to by counsel for defendant because he could not identify by the deed the land described in the petition—could not find the eleven and a fraction acres described in the petition as forming part of the land included in the deed. The court ruled that the deed could go in subject to the objection, defendant excepting. Plaintiff then offered in evidence a deed of date September 14, 1882, from G. W. Pryor to one Leimkuehler. This deed is a quitclaim and describes, as we understand, eleven and a fraction acres. Although the deed from Pryor's administrator was to Seay alone, all three of the owners, "partners" in ownership, it is averred, that is Lambeth and wife, Robinson and wife, of Osage county, and the defendant Seay, then of the territory of Oklahoma, joined in a deed to Heckmann for 251 acres, more or less, of land, the land in section 11, township 43, range 7. This deed was offered in evidence by plaintiff. It is in form a statutory general warranty deed and was duly signed and acknowledged by all three of the parties and the wives of Lambeth and Robinson. This deed was objected to by counsel for defendant "for the reasons heretofore stated to the court." The court ruled that it would admit the deed in evidence subject to the objection, to which ruling counsel for defendant duly saved exception.

Counsel for plaintiff then read in evidence the petition in the case of Heckmann v. Lambeth and Robinson. This petition sets out that Lambeth and wife, and Robinson and wife, and Seay, had made the deed above set out, which it is averred is attached as an exhibit to the petition, for and in consideration of the sum of $3000, and that for that consideration they had granted, bargained and sold to Heckmann the real

estate described in it, setting it out as described in the
before-mentioned deed; that the deed covenanted to
warrant and defend the title to the premises against the
lawful claims of all persons; that after the execution
and delivery to him of the deed, Heckmann had entered
into possession of the premises in the deed described,
"and became and is now seized thereof, except the
following described part and parcel thereof, to-wit"
(describing land), said to be eleven and a fraction
acres in section 11, township 43, range 7 west.

It is averred in the petition in the Heckmann case
that at the time of the making and delivery of the deed
from Lambeth, Robinson and Seay to Heckmann, there
then was and ever since has been and now is a para-
mount, elder and better title in fee outstanding in one
Frank Leimkuehler in and to the eleven and a fraction
acres of land described, and that Heckmann has never
had and has not now any right, title, possession or
interest therein nor possession thereof but that the pos-
session of it has at all times since the execution and de-
livery of the deed remained and now is in Leimkuehler
and that Heckmann was at the time of the execution
and delivery of the deed and ever since has been and is
now lawfully ousted from and deprived of the posses-
sion thereof to his damage in the sum of $1500, for
which he demands judgment. The decree, as it is
called, or judgment, in the Heckmann case was then
offered in evidence by plaintiff's counsel. It is entitled
or headed, "Judgment on Covenant of Warranty," and
is as follows:

"William Heckmann

v.

S. M. Lambeth et al.

"And now at this day this cause coming on to be
heard come the parties to this action by their respect-
ive attorneys and announce that they have agreed in
writing that a judgment of 'three hundred dollars' shall
be entered up against the defendants herein, and that

they have further agreed by said stipulation that the plaintiff herein pay all costs that have accrued in above cause up to the date of this judgment.

"It is therefore considered and ordered by the court that the plaintiff have and recover of the defendants herein the sum of 'three hundred dollars,' and it is further ordered and adjudged that the defendants herein have and recover of the plaintiffs the costs laid out and expended up to the date of this judgment and that each have execution for their respective judgments."

This was all the documentary evidence offered in the case.

It may be here noted that all of the evidence was duly objected to as offered, some on specific grounds, all on the ground that the petition failed to state facts sufficient to constitute a cause of action, and exceptions duly saved to the adverse rulings of the court.

Plaintiff's counsel, former Judge R. S. Ryors, then offered himself as a witness and testified that he was acquainted with all the parties to the suit; that from personal knowledge gained from conversation between Messrs. Seay, Robinson and Lambeth, he knew that they entered into the plan to purchase this land, was present at the time they received the deed; when the land was sold was aware of the fact that Robinson, Seay and Lambeth formed a partnership, each to pay one-third of the purchase money; knew that this $300 was paid to Heckmann and that Governor Seay had not paid his part of it. Afterwards he was employed to represent defendants Robinson and Lambeth in the Heckmann suit and during the time it was pending had written several letters to Governor Seay. The witness started to tell his recollection of what was contained in one of these letters, but on objection that the letter itself was the best evidence and that plaintiff had given no notice to produce any letters, the objection

175 Mo. App. 46

was sustained. He further testified that he had with him a letter sent from Robinson to Seay, but on producing it the letter appeared to be from Governor Seay to Mr. Robinson. When offered in evidence by plaintiff it was objected to by defendant as incompetent, irrelevant and immaterial and as having no bearing on any facts in issue in the case being tried. The objection was overruled, counsel excepting. The letter is as follows:

"Kingfisher, O. T., May 28, 1894.
"T. J. Robinson, Esq.

"Dear Sir:

"I can form no idea from his letter what Heckmann's claim is. Is there anything the matter with the title, and if so, what; and how much does he claim has bad title, if any? What is it worth per acre?

"I don't intend to pay anything unless we honestly owe it. Have you got anyone looking after your interest? If so, who, and what does he say?"

This was signed by Governor Seay.

Judge Ryors further testified that after some time and while, as we understand it, this present suit was pending, he had had a conversation with the defendant Seay in Union, Franklin county; that he could not give the details of the conversation as some of it had passed from his memory, that he had called the attention of Governor Seay to the case; told him he (Seay) had been kept fully informed of the Heckmann suit; that he (Ryors) had represented defendants in the Heckmann suit and had been paid $100 by Messrs. Robinson and Lambeth, who had paid the judgment. Witness continued, referring to Governor Seay: "In that conversation he expressed no dissent, except he told me that he was not going to pay any of the attorney's fee of plaintiff in Heckmann suit. I made a note of that and went back home and told Robinson and Lambeth about it." Witness stated that he believed that was all that

he knew pertaining to the suit; that he had other let-
ters but did not think them competent.

This was all the testimony in the case and as before
stated, all of it was introduced over the objections and
under the exceptions of counsel for defendant.

At the conclusion of the testimony counsel for de-
fendant offered a declaration of law in the nature of a
demurrer, that under the pleadings and evidence in the
case the finding of the court must be for defendant.
The court refused this, defendant excepting, and found
for plaintiff in the sum of $255, for which amount and
costs judgment was rendered against defendant.  Fil-
ing a motion for new trial as well as one in arrest and
excepting to the action of the court in overruling these
motions, defendant has duly perfected his appeal to
this court.

The objection interposed at the beginning of the
trial to the reception of any evidence on the ground
that the petition failed to state a cause of action, was
properly overruled.  It is a case of a cause of action
defectively stated, but, analyzed with a view of deter-
mining whether the allegations are sufficient to sustain
a judgment, it will be found that this petition, a substi-
tute for the original petition, is not fatally defective.
That is the test to be applied to a pleading when counsel
elect to lie by and without having availed themselves
of the right given by the statute to challenge the peti-
tion by demurrer or other move, answer and go to
trial.   That mode of procedure. which is merely
tolerated, but not encouraged (Ice & Cold Storage Co.
v. Kuhlmann, 238 Mo. 685, l. c. 701, 142 S. W. 253) is
tolerated because it may be that the petition entirely
fails to state any cause of action, in which case the
objection would then lie, as would a motion in arrest
even after judgment.

One of the defects levelled against this petition
is that there is no allegation that there had been an
eviction of Heckmann under a paramount, outstand-

ing title; another, that there is no allegation of facts sufficient to show the binding effect of the consent judgment on the defendant Seay. These are necessary averments, and while they are pleaded very insufficiently, we cannot say that they are entirely absent.

Turning to the case on its merits, the demurrer interposed at the conclusion of the testimony offered by plaintiff should have been sustained. The learned counsel for respondent appear to have proceeded upon the theory that the judgment in the case of Heckmann v. Lambeth and Robinson was *res adjudicata* as against Seay. That was an error, not only for the reason that the consent judgment does not sustain this position, but for the further reason that it does not appear by any evidence in this case that the defendant Seay was notified of the pendency of that action and that demand was made on him that he should appear thereto and defend.

It is a well-established rule that where *res judicata* is invoked, the judgment against several is no bar as between themselves, even if all of them were parties to that judgment, unless they were adversary parties; that is, while a judgment as to joint obligors in an action to which all are parties, is binding on all, when it comes to a question of contribution between them, it is conclusive only if they were adversaries; had an opportunity to determine the obligation as between themselves. [See E. E. Souther Iron Co. v. Woodruff Realty Co., 175 Mo. App. 246, 158 S. W. 69. See, also 1 Freeman on Judgments (4 Ed.), p. 289, sec. 158, and cases cited.] In 24 Am. & Eng. Ency. of Law (2 Ed.), p. 731, par. 2, the rule is thus stated: "Not all the parties to a suit are necessarily concluded by the judgment or decree, in a subsequent suit between the same parties, but only those between whom the matter in issue in the second suit was adjudi-

cated. To be concluded they must have been adversary parties.''

To hold the defendant Seay for contribution by reason of the payment of money by this plaintiff and his assignor for and on account of that judgment and of the costs and expenses connected therewith, it is essential that the plaintiff establish, by competent evidence, the liability of Seay to Heckmann by reason of the breach of some of the covenants of warranty contained in the deed from Seay and his associates to Heckmann. No evidence whatever was offered or introduced along this line in the present case.

It is argued that the defendant Seay was a partner with Robinson and Lambeth in the ownership of the real estate purchased by them from Pryor's administrator and conveyed by them to Heckmann. Beyond the fact that Judge Ryors, testifying for plaintiff, says that he knows that these three parties went into this land speculation together as partners, there is no evidence in the case as to whether they took the land as partners or as tenants in common. But accepting the contention of the learned counsel for respondent that they were partners, and so it is averred in the petition in this case, and conceding that they were jointly liable upon the warranties contained in the deed to Heckmann, whether they were partners or otherwise jointly interested in that speculation, and owners of the land, neither the fact of partnership nor of joint obligation authorizes either of the partners or associates to act for the others in consenting to a judgment, unless specially authorized so to do. "No partner or other joint obligor is bound by a judgment confessed by his copartners or co-obligors without his express authorization." [2 Freeman on Judgments (4 Ed.), p. 940, sec. 545.] It is true that this is said with reference to judgments by confession. While the judgment here involved is not one by confession, we know of no authority which holds the rule to be other-

wise with respect to judgments by consent on stipulation—an agreed judgment, as it is sometimes called. There is some difference among even the courts of this country, and a marked difference between most of the courts of this country and those of England, as to the effect of a judgment by consent. But, says Mr. Black (2 Black on Judgments [2 Ed.], p. 1060, sec. 705), "The majority of the cases in this country hold that a judgment is none the less effective as a bar because its merits were determined in whole or in part, by the agreement of the parties." Mr. Freeman (1 Freeman on Judgments [4 Ed.], p. 601, sec. 330), takes the same position. So also it is held by our Supreme Court, where in Short v. Taylor, 137 Mo. 517, l. c. 526, 38 S. W. 952, it is said: "A judgment pronounced by consent of parties or upon stipulation should be accorded the same force as other judgments." This was repeated later in Casler v. Chase, 160 Mo. 418, l. c. 425, 60 S. W. 1040.

But we are referred to no case which holds that an agreed judgment, a judgment by consent, extends any further than any other, that is to say, that it extends beyond those who consented or authorized the consent to be given. Nor are we referred to any authority which holds that one partner can have any more authority to bind his copartners by a consent judgment than in one by confession. In either case he can only act on authority expressly conferred. On the contrary, in all the cases to which our attention has been called or which we have ourselves found, where such judgments by consent are recognized, the same rule is applied to them as to other judgments and that is as above stated; that is, they bind the parties to them, but as with other judgments, "a transaction between two parties ought not to operate to the disadvantage of a third" (1 Freeman on Judgments [4 Ed.], p. 277, sec. 154), and parties not notified or of record are not, speaking generally, bound by them. Learned counsel for respondent say in their

Robinson v. Seay.

brief that "a judgment by consent is binding as *res judicata*, as any other judgment," citing in support of this Freeman on Judgments, sec. 30, note 1. We have been unable to locate this in the authority and at the place cited in either the third or fourth edition of that work, but that is exactly the point that we have made above. Such judgments are of the same but of no greater force than other judgments. We considered the effect of a "consent" judgment, to some extent, in Schwiete v. Guerre, the opinion handed down at this sitting. To sustain the judgment in the present case as a bar and as establishing the obligation of the defendant here to contribute toward its payment, as we have seen, would raise this judgment by consent to a plane very greatly above that occupied by any other form of judgment. The defendant is entitled to demand, in a proper action, in which it is sought to recover against him by way of contribution, any sums paid out by his co-obligors by reason of their joint obligation under their deed, that the pleadings and evidence in the case show a breach of the conditions or of some of them. If to recover contribution for damages paid out by reason of a breach of a covenant for quiet enjoyment, or for breach of the covenant of title, and it is not clear which is here involved, before he can be made to contribute, it must appear that a breach of the covenant has occurred. In short, the liability of this defendant must depend upon the fact that the covenants, of which he was a co-obligor, a joint maker, have been breached in some particular which will render him liable to the covenantee, grantee, in the deed in which he was a joint covenanter. Until that appears he is under no obligation whatever to contribute to the payment of any sum which his co-obligors may have seen fit to pay on account of the alleged breach. *Non constat* that they paid out that sum merely to secure their peace, and not by reason of any breach of the covenants of the deed. If they did that, as in the case

of any other voluntary payment, they have no right of action against their co-obligee.

It is not even clear from the evidence introduced in this case that the eleven and a fraction acres of land, as to which it is claimed title had failed, are of the lands conveyed by Pryor's administrator to Leimkuehler or by Seay and his associates to Heckmann.

It is practically upon lines upon which this case must fail, as now presented, that Cathcart v. Foulke & Sons, 13 Mo. 561, was decided by our Supreme Court. It is true this is rather an old case, if one decided in 1850 may be called old, and while it has not since been cited, so far as we know, the rule on which it rests has certainly never been overturned or questioned in any subsequent decision of our Supreme Court. That rule is founded on very solid authority, recognized in very many cases. It is distinctly held in the Cathcart case that to entitle a party to recover, who is relying upon a judgment rendered, and when he seeks to recover against one who was not a party to that judgment, that it devolves upon him to make out, in his case against the other, a state of facts which would entitle the party who was plaintiff in the other action in the first instance to a judgment against the party subsequently proceeded against. It would require too much space to attempt to set out an intelligible statement of the facts in the Cathcart case, so that we content ourselves with a reference to that case as reported for the facts.

For the several reasons hereinabove assigned, the judgment of the circuit court in this cause must be reversed and the cause remanded for such further proceedings therein as the parties may be advised are proper. It is so ordered. *Nortoni* and *Allen, JJ.*, concur.