## Q. E. PETTY v. JOHN HAAS, Appellant.

**Partnership Accounting:** LACHES. Waiver of the right of one part-
1    ner to insist on an annual inventory of stock as provided in the
contract, will not defeat such partner's share of profits, if as-
certainable.

**Limitation of Action.** The statute of limitations will not com-
2    mence to run against the suit of a partner for an accounting
until the termination of the partnership.

**Accounting:** EVIDENCE. In an action for a partnership accounting,
3    the partner whose duty it was to make inventories and keep
accounts, but failed so to do, cannot complain when decree is
rendered based upon the best evidence obtainable.

*Appeal from Hardin District Court.*—HON. W. S. KENYON,
Judge.

TUESDAY, JANUARY 19, 1904.

ACTION for partnership accounting.    Decree for plain-
tiff.    Defendant appeals.—*Affirmed.*

*Albrook & Lundy* for appellant.

*Wesley Martin* and *Huff & Huff* for appellee.

McCLAIN, J.—The contention of plaintiff is that in
1889 the plaintiff and the defendant, who is his brother
in-law, entered into a written agreement of partnership
to conduct a retail business for the sale of dry goods,
boots, shoes, and notions in the town of Eldora, for the
term of five years, to be extended longer or terminated
at a shorter period by mutual consent; the amount of
capital to be invested being $3,000, $1,000 of which was to
be furnished by plaintiff, and $2,000 by defendant. It was
further provided in the contract that defendant was to
have not to exceed $400 by way of salary for conducting

the business, and that the profits and losses were to be shared equally; that plaintiff, in return for the unequal investment and time given by defendant, was to establish the credit of the firm, select the opening stock, and render any such assistance from time to time as the business might require; and that the defendant was to keep a full set of books, showing amounts of daily sales and disposition of moneys received, and make a yearly inventory showing the state of the business and the amount of profit, each partner to be allowed to take out his share of the profits if the business should be in shape to afford it. The evidence is in conflict as to whether any such written agreement was made, but, without reciting the particular items of evidence relied on, we are content to say we agree with the conclusion of the trial court that such a contract was entered into, and that neither party took any steps nor made any effort to dissolve the partnership prior to the expiration of five years and eight months from the time of its formation. As the trial court limited the period of accounting for profits to this term, we are not concerned on this appeal with the question whether the partnership was dissolved at the end of that time. The end of the term seems to have been fixed by the trial court on the strength of certain evidence that at that time the defendant was still recognizing the partnership as in existence. The plaintiff invested only about $625, and the evidence tends to show that defendant invested about twice that amount. Plaintiff subsequently drew out $500 as profits, but no further division of profits was ever made, and plaintiff now seeks an accounting for the balance of his investment and his share of the profits.

Aside from the question already disposed of as to whether there was a partnership, the contention for defendant is as to laches, statute of limitations, and the 1. ACCOUNTING: laches. correctness of the conclusion of the trial court as to the amount of profits for which

defendant should account.. We do not find any laches on the part of the plaintiff, such as should defeat his right to an accounting. It is true that defendant did not make an annual inventory after the end of the first year, as he was required to do by the terms of the contract; but certainly the waiver of this requirement would not defeat plaintiff's right to his share of the profits, provided they can be ascertained.

As to the defense of the statute of limitations, it is enough to say that the action was brought within proper time after the termination of the partnership relation, as found by the trial court, and prior to that time the statute of limitations had not commenced to run as against plaintiff, for no obligatory requirement as to division of profits from year to year was made in the contract. If the plaintiff was willing to allow his share of the profits to remain in the business and to earn further profits, he had a right to do so.

2. LIMITATION.

The difficulty of reaching a proper basis for the computation of profits was greatly increased by the failure of defendant to make an annual inventory, and to keep such books as would show the amount of money received, and the disposition of it—whether withdrawn for his own use, or reinvested in the business. He cannot complain, therefore, that the court resorted to the best evidence available, although it was uncertain and unsatisfactory in character, as to the amount of stock carried and the profits realized thereon. A referee was appointed to make an accounting, and he found that the total value of the assets at the end of the term of partnership was $8,350. Deducting from this the capital invested, he found the amount of the profits made during the continuance of the partnership; and, deducting from that the amount which defendant was entitled to as salary, he reached a conclusion as to the profits to be equally divided. On exceptions to this report, the court

3. ACCOUNTING: evidence.

reduced by $1,200 the referee's estimate of the value of goods on hand, and rendered a decree for plaintiff in the sum of $2,848.55, which included plaintiff's original investment, less the sum of $500 withdrawn. We have gone over the entire record, and reach the conclusion that the evidence will not justify any further reduction of the amount for which defendant must account.

The decree of the lower court is therefore AFFIRMED.

WEAVER, J., taking no part.