## EMIL OUSTAD v. CARL HAHN et al.

### (146 N. W. 557.)

**Copartnership — inventory of property — accounting — exclusion of one partner — equitable relief — personal judgment — other partners — debts of firm — other partners to assume.**

Where on May 22d, 1907, two of three copartners wrongfully excluded a third from any and all participation in the business of the concern, and an inventory and accounting was had at such time, and about three years afterwards the excluded partner brought an action for a dissolution of the partnership and for a recovery based upon the inventory of May 22, 1907, and for an accounting since the said inventory and up to the time of the trial, and for general equitable relief, and the defendants failed to furnish such an accounting or to produce the books of the partnership in evidence, *held* that it was not error for the trial court to render a personal judgment against the defendant partners, which was based upon the inventory of the 22d day of May, 1907, and to require the said defendants to assume the debts of said partnership.

Opinion filed March 14, 1914.

Appeal from the District Court of Bottineau County, *K. E. Leighton*, Special Judge.

Action for the dissolution of a partnership and for an accounting. Judgment for plaintiff. Defendants appeal.

Modified.

Note.—The general question of assumption of debts on dissolution of partnership is the subject of notes in 25 L.R.A. 274; 9 L.R.A.(N.S.) 49, and 48 L.R.A.(N.S.) 547.

Statement by BRUCE, J.

This is an action for the dissolution of a partnership and for an accounting; the complaint setting up, among other things, an inventory taken by the partners on the 22d day of May, 1907, and praying for a dissolution of the partnership; that the plaintiff be required to pay the sum of $2,293.55 and interest thereon as and for the plaintiff's interest in said copartnership, on the 22d day of May, 1907, less $7.41, and less the sum of $14.42 balance credit received since May 22, 1907; and that the defendants be required to account to this plaintiff for his share of any and all profits made by this copartnership since the 22d day of May, 1907, and up to the entry of judgment; and for further relief as equity may require. The answer denies that any sum is due to the plaintiff; alleges that he failed to contribute equally with the defendants and failed to keep correct books and to keep his part of the agreement; admits that the plaintiff had loaned $919.40 to the business; alleges that the business was conducted by the plaintiff at a loss; and that the plaintiff never performed his part of the agreement; and that by reason of such failure no partnership ever existed; and prays for a dismissal of the action. The complaint was dated the 5th day of April, 1910, and the hearing was had on the same date. The judgment was rendered on the 2d day of January, 1912.

The findings of the trial court were that "from the 31st day of October, 1905, until the 22d day of May, 1907, continuously, the plaintiff and the defendants were copartners, engaged in the general mercantile business at Gardena, in the county of Bottineau and state of North Dakota, under the firm name of Hahn Brothers & Oustad, and that the sole and only partners in said copartnership were the defendants and the plaintiff, and that each and all were general partners, entitled to share equally in the profits and to bear equally the losses of the said business; that on the 22d day of May, 1907, the said defendants, without the consent of the plaintiff, excluded the said plaintiff from the said business, and ever since have been in the possession of all the property of the said copartnership; that the plaintiff contributed to the said partnership in the sum of $919.40, and withdrew from time to time from the said business merchandise and money amounting to the sum of $574.34; that the defendant Fred Hahn contributed to the capital of the said partnership the sum of $1,887.20,

and withdrew from the said business merchandise and money amounting to the sum of $491.15; that the defendant Carl Hahn contributed to the said partnership the sum of $1,709.86, and withdrew from the said business merchandise and money amounting to the sum of $499.76. That on the 22d day of May, 1907, the total assets of said copartnership amounted to $13,148.27, made up of the following items:

"Merchandise ......................................$8,140.90
"Accounts receivable ............................. 2,797.04
"Fixtures ........................................ 561.57
"Building and lots ............................... 1,538.78
"Cash in Bank .................................... 109.98

"And the total liabilities of the said copartnership on the 22d day of May, 1907, were in the sum of $10,657.13, made up of the following items:

"Wholesale accounts payable by said firm ................$7,706.72
"Capital of Fred Hahn, less amount withdrawn .......... 1,396.05
"Capital of Carl Hahn, less amount withdrawn .......... 1,210.10
"Capital of Emil Oustad, less amount withdrawn ........ 344.26

"That the net profits belonging to the said business on the said 22d of May, 1907, were $2491.14. That during all of the time mentioned herein neither of the defendants contributed all of their time or services to the management of the said business. That after the 22d day of May, 1907, plaintiff paid for the benefit of the said copartnership the sum of $1.25 for recording a deed, and the sum of $9.33 for taxes on real estate owned by the said copartnership, and the defendants on or about June 1, 1907, paid to plaintiff the sum of $25, leaving a balance of $14.42 to be credited to said defendants and charged against the plaintiff."

The conclusions of law arrived at by the trial court were that "on account of the acts of the defendants the plaintiff is entitled to a judgment of dissolution of the partnership heretofore existing between the plaintiff and defendants. That the defendants are indebted to the plaintiff in the sum of $263.71, as plaintiff's share of the profits of the copartnership business, and for the sum of $830.38, on account of capital contributed to the said copartnership by plaintiff, less $14.42 paid to plaintiff in excess of what taxes were to be paid by defendants, making in all the sum of $1,160.22, and that the plaintiff is entitled

to judgment against the defendants for the said sum of $1,160.22, together with interest thereon at the rate of 7 per cent per annum from and after the 22d day of May, 1907."

The judgment entered by the trial court was that "the partnership heretofore existing between Emil Oustad and Carl Hahn and Fred Hahn, under the firm name of Hahn Brothers & Oustad, be and the same is dissolved, and that Emil Oustad, plaintiff, have and recover of and from Carl Hahn and Fred Hahn, defendants, the sum of one thousand five hundred thirty-two ($1,532) dollars as principal and interest, and the sum of one hundred seven and $^{95}/_{100}$ dollars, costs and disbursements, making in all the sum of sixteen hundred thirty-nine and $^{95}/_{100}$ dollars."

*Noble, Blood, & Adamson,* for appellants.

When a partnership is dissolved by judgment or decree, and no showing to the contrary, the date of the dissolution is the date of the entering of the decree. 30 Cyc. 658, and cases cited.

It is error to render a money judgment in favor of any partner against his copartners without a determination of the state of accounts between all the partners, and reduction of the firm assets into money, payment of the firm debts, and a complete exhausting of the debtor partner's interest in such assets. Bates, Partn. § 971; Green v. Stacy, 90 Wis. 46, 62 N. W. 627; Carper v. Hawkins, 8 W. Va. 291; Durkheimer v. Heilner, 24 Or. 270, 33 Pac. 401, 34 Pac. 475; Rosenstiel v. Gray, 112 Ill. 282; Levi v. Karrick, 8 Iowa, 150, 15 Enc. Pl. & Pr. 1109, 1110, and cases there cited.

*Weeks & Moum,* for respondent.

A decree of dissolution may properly refer back to some prior date, and that even where there is a dissolution by lapse of time for which the partnership was created, or by agreement, a party is entitled to a decree of dissolution. George, Partn. p. 333; Reis v. Reis, 99 Minn. 446, 109 N. W. 997; 17 Am. & Eng. Enc. Law, 1292.

And an accounting may be had—and the court may resort to the best evidence at hand. Petty v. Haas, 122 Iowa, 257, 98 N. W. 104; White v. Magann, 65 Wis. 86, 26 N. W. 260; Karrick v. Hannaman, 168 U. S. 328, 42 L. ed. 484, 18 Sup. Ct. Rep. 135; Treacy v. Pow-

er, 112 Minn. 226, 127 N. W. 936; McGraw v. Dole, 63 Mich. 1, 29 N. W. 477.

A partner who has prevented the sale of the firm assets or their accurate valuation may be charged with their fair value.  30 Cyc. 689, and note 41; Short v. Taylor, 137 Mo. 517, 59 Am. St. Rep. 508, 38 S. W. 952; Burns v. Rosenstein, 135 U. S. 449, 34 L. ed. 193, 10 Sup. Ct. Rep. 817.

The final judgment may, and often does, include an adjudication that a balance is due one partner from another.  30 Cyc. 747.

In an action for accounting between partners, where it appears there is no property to which complaining partner has a claim, but that he is entitled to a personal judgment against the other partners, such judgment may be properly given.  McLean v. McLean, 109 Mich. 258, 67 N. W. 118; Strang v. Thomas, 114 Wis. 599, 91 N. W. 237; Wyatt v. Sweet, 48 Mich. 539, 12 N. W. 692, 13 N. W. 525; Petty v. Haas, 122 Iowa, 257, 98 N. W. 104; White v. Mcgann, 65 Wis. 86, 26 N. W. 260; Karrick v. Hannaman, 168 U. S. 328, 42 L. ed. 484, 18 Sup. Ct. Rep. 135; Holmes v. Gilman, 138 N. Y. 369, 20 L.R.A. 566, 34 Am. St. Rep. 463, 34 N. E. 205; Collyer, Partn. § 324; Adams v. Kable, 6 B. Mon. 384, 44 Am. Dec. 772; Rowell v. Rowell, 122 Wis. 1, 99 N. W. 473; Reis v. Reis, 99 Minn. 446, 109 N. W. 997; Ciscel v. Wheatley, 27 Wis. 618.

A general partnership is dissolved by the express will of any partner.  Rev. Codes 1905, § 5847.

They are trustees for each other.  Rev. Codes 1905, § 5827.

A trustee is bound to act in best of good faith.  Rev. Codes 1905, § 5712.

BRUCE, J. (after stating the facts as above).  No serious fault is found with the findings of fact in this case, nor is there any serious contention that they are not supported by the evidence.  They must, therefore, be treated as a verdict of a jury in a common-law action.

The first and principal assignment of error is that the court based its findings of fact upon the condition of the business on May 22, 1907, instead of according to the condition of business at the time of the trial and at the time of the dissolution.  There is, appellant contends, no finding as to the condition of the business at any time after May 22.

1907, about two years prior to the date of the complaint, two years prior to the hearing, and about five years prior to the entry of judgment. Though the judgment provides for the dissolution of a copartnership, there is, appellant contends, nothing in the record from which the court can ascertain its condition or make an equitable adjustment among the partners according to its affairs, either at the time of the filing of the complaint or at the time of the entry of the judgment of dissolution.

There is, we believe, no merit in this contention. It may be true, as contended by appellant, that as a general proposition when a partnership is dissolved by judgment or decree, in the absence of any showing to the contrary, the date of the dissolution is the date of the decree. See 30 Cyc. 658. It is, however, equally true that when a firm is dissolved by the agreement of the parties, the dissolution takes effect at the time agreed upon. Ibid. Section 5847, Rev. Codes 1905, provides that "a partnership is dissolved as to all the partners by the express will of any partner." Under § 5848, Rev. Codes, 1905, "a general partnership may be dissolved as to himself only by the expressed will of any partner, notwithstanding his agreement for its continuance, subject, however, to liability to his copartners for any damage caused to them thereby, unless the circumstances are such as to entitle him to a judgment of dissolution." The trial court found "that on the 22d day of May, 1907, the said defendants, without the consent of the plaintiff, excluded the said plaintiff from the said business, and ever since had been in the possession of all of the property of the said copartnership." The appellants, therefore, can hardly maintain that a dissolution was not effected on the 22d day of May, 1907. It is true that plaintiff asked in his complaint "that the facts of said copartnership be wound up, and that said copartnership be dissolved." It also prayed, however, "that the defendant be required to pay the plaintiff the sum of $2,293.55 and interest thereon as and for the plaintiff's interest in said copartnership, on the 22d day of May, 1907, less $7.41, and less the sum of $14.42 balance credit received since May 22d, 1907." And though there is a further prayer that "the defendants be required to account to this plaintiff for his share any and all profits made by this copartnership since the 22d day of May, 1907, and up to the entry of judgment," there is a still further

prayer for general equitable relief. Though, too, the plaintiffs were asked to make such an accounting, and upon the trial were requested to produce their books so that the profits and transactions carried on since the 22d day of May, 1907, and up to the time of the trial might be scrutinized and ascertained, the defendants wholly failed to make any such accounting or to produce any such books. The plaintiff, therefore, was entitled to general equitable relief. If there was failure of proof of the transactions between the settlement and the entry of judgment, the fault lay with the defendants. The plaintiff produced all of the evidence that it was in his power to produce, and cannot be deprived of his equitable relief, or of his interest in the settlement arrived at, merely because the defendants have failed to make the accounting asked. 17 Am. & Eng. Enc. Law, 1292; Petty v. Haas, 122 Iowa, 257, 98 N. W. 104; White v. Magann, 65 Wis. 86, 26 N. W. 260.

But appellants say that with only "$109.98 cash on hand five years prior to judgment of dissolution and two years prior to the trial, the court places the entire burden of paying the debts of the firm, amounting to $7,706.72, with interest at 7 per cent after May 22, 1907, on the defendant, and wholly relieves the plaintiff from any liability therefor and from all responsibility for their payment. The judgment compels the defendants to take the book accounts amounting to $2,797.-04. at their face value, and pay the cost of their collection themselves. It also requires the defendants to take the stock of merchandise invoiced at $8,140.90 and the fixtures invoiced at $561.50 at their face value, and it requires the defendants also to take the building and lots valued at $1,538.78 standing in the name of the firm, at their full value, without any transfer from the firm to these defendants; and with all of the assets belonging to the firm, with the exception of $109.98, consisting of merchandise, accounts receivable, fixtures, building and lots, the court renders a money judgment against the defendants and in favor of the plaintiff partner for $1,160.22, with interest at 7 per cent from and after May 22, 1907, and renders judgment in favor of the plaintiff and against the defendants for all of the costs and disbursements. The judgment in effect says: 'You defendant partners must pay all of the debts of the copartnership yourselves, and relieve the plaintiff partner from all liability therefor, even though

the debts amount to $7,706.72, and although you have only $109.98 in cash to make such payment with. You must take all of the bills receivable at their full face value, and receive nothing for the costs of their collection. You must take the real estate at its full value without any transfer of the copartnership to you. You must take the merchandise and fixtures at their invoiced price, and, although the partnership has only $109.98 available cash, you must not only pay the. debts amounting to $7,706.72 yourselves without any provision being made for reducing the assets of the copartnership to cash, but in addition to your being required to pay such obligations, you must pay to your copartner in money the sum of $1,162.22, with interest at 7 per cent from May 22, 1907.' " "Could," they ask, "the judgment have been more inequitable?" We agree with counsel that the trial court should have required a transfer from the plaintiff to his copartners of his interests in the real estate. With this exception, however, we can find no fault with the finding of the trial court. The finding was based upon the invoice made on May 22, 1907. The plaintiff asked for an accounting in regard to his share of any and all profits made by the copartnership since the 22d day of May, 1907, and up to the entry of judgment. If this accounting had been made it would have shown whether the accounts were good or bad, and what was the real state of the assets of the concern. This accounting, however, was not only not forthcoming, but the defendants failed and refused to produce their books. Such being the case, they cannot complain if the court bases its estimate on the face value of the firm's notes and securities or accounts, and upon the inventory made. See 17 Am. & Eng. Enc. Law, 1292; 30 Cyc. 689; Short v. Taylor, 137 Mo. 517, 59 Am. St. Rep. 508, 38 S. W. 952; Burns v. Rosenstein, 135 U. S. 449, 34 L. ed. 193, 10 Sup. Ct. Rep. 817.

For the same reasons the appellants cannot complain because of the personal judgment. In this case the trial court found "that on the 22d day of May, 1907, the said defendants, without the consent of the plaintiff, excluded the said plaintiff from the said business, and ever since have been in the possession of all of the property of the said copartnership." During all of the years intervening between the inventory of May 22d, 1907, and the trial and judgment, the property of the partnership has been in the exclusive control of the defendants,

and even now they have failed to disclose their present condition and value. Under such circumstances the defendants have no ground for complaint.

The judgment of the District Court is affirmed in all respects, with the exception that the plaintiff and respondent is directed to execute a quitclaim deed to the said defendants of the real estate in controversy in this litigation. Appellants will pay the costs and disbursements of this appeal.

Goss, J., being disqualified, did not participate.
Fisk, J., did not participate.