SHORT v. TAYLOR, *Appellant*.

Division One, February 9, 1897.

1. Partnership: ACCOUNTING: RES JUDICATA: NOTE.   In an action on
a note defendant answered that it was given as part of partner-
ship business between plaintiff and defendant, and defendant then
prayed an accounting and judgment for an alleged balance due him
by plaintiff as partner.   The case was adjudged on a stipulation to
abide another action, in which was raised the issue of partnership
between the same parties.   The judgment on the stipulation was for
defendant, but no accounting was had, nor was any finding made
on that issue.   *Held*, in a later suit for an accounting between the
same parties, that the former judgment was no bar to this suit.

137  517
137  688

137  517
160  425

137  517
93a  1382

137  517
96a  5563
97a  4241
137  517
177  10424
102a  8596

Short v. Taylor.

2. **Res Judicata**: EXTRINSIC EVIDENCE. When the extent of an adjudication does not appear by the record, the proceedings may be looked into by evidence to ascertain the matters actually involved, so far as may not be inconsistent with the record.

3. ———: PARTNERSHIP. A judgment affirming a partnership is conclusive of that fact in a later suit between the same parties, but it is not conclusive of a partnership at an earlier date than is mentioned in the issues of the case in which the judgment is given.

4. ———. A judgment is conclusive on the parties, in subsequent litigation, as to an issue necessarily decided by the former, though no specific finding as to that issue appears.

5. **Judgment.** A judgment pronounced by consent of parties, or upon their stipulation, should be accorded the same force as other judgments.

6. **Appellate Practice**: WAIVER: REFEREE. Where the report of referees required a party (on a settlement of firm dealings) to account for the value of certain property in his possession, and which he claimed to own, the party can not properly complain thereof on appeal when he took no steps in the circuit court to place the property at disposal of the firm. Such a course amounted to an election to retain the property, and hence to account for its value.

7. **Note**: MORTGAGE: DORMANT PARTNER. The giving of a note and mortgage by one person to another does not prevent a party thereto from showing that it was part of a plan to put the title in the shape desired by a dormant partner, who was the payee and mortgagee.

8. **Practice**: PARTNERSHIP: ACCOUNTING: STATUTE. Section 2186 (R. S. 1889) applies to actions by or against alleged partners. But in an action for an accounting between partners, the allegation of partnership is not admitted by a failure to deny it under oath.

9. **Appellate Practice**: MATERIAL ERROR: STATUTE. Judgments in equity as well as at law are within the scope of section 2303 and should not be reversed unless the appellate court finds that material error was committed against the complaining party.

10. ———: EQUITY CASE: REVIEW OF FINDING OF FACTS. The supreme court has constitutional power to review the facts as well as the law in an appeal in a suit in equity; but where any finding of fact depends on the credibility of oral testimony the reviewing court should be satisfied that the finding is against the preponderance of the evidence before reversing it.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Draffen & Williams* and *Samuel Boyd* for appellant.

(1) The judgment should be reversed because the finding of facts is contrary to the evidence in the case. *Blount v. Spratt*, 113 Mo. 48; *McElroy v. Maxwell*, 101 Mo. 294. (2) The judgment in the case of *Taylor v. Short*, rendered on stipulation of the parties is not *res judicata*. It certainly does not conclude the defendant from denying that the mill property belonged to him and plaintiff as partners. Freeman on Judgments [3 Ed.], secs. 257, 258. (3) There was manifest error in holding that the mill property belonged to a partnership composed of the plaintiff and defendant. *Harding v. Wright*, 119 Mo. 1. (4) The plaintiff will not be permitted to claim that it was understood and agreed that his notes were not to be paid according to their tenor and effect, and that his deed of trust was not to be operative, and that the deed to him for the mill property was not to be treated as valid, by reason of a parol agreement alleged to have been made between him and the defendant prior to the execution of said instruments. This, however, must be the result if the mill property is held to belong to a partnership composed of the plaintiff and the defendant. *Jones v. Shepley*, 90 Mo. 307; *Jones v. Shaw*, 67 Mo. 667; *Smith's Adm'rs v. Thomas*, 29 Mo. 307. (5) The judgment of the court below is erroneous in requiring the defendant to take the mill, at price fixed thereon by the referees and to pay to plaintiff one half of such appraised value. If the mill belongs to the partnership, the defendant can not be required to purchase it and to pay one half of the appraisement made by the referees. 2 Bates on Partnership, 974. (6) The evidence in this case shows conclusively that in the case of W. M. Taylor *v.* L. D. Short, both the issues and the parties were the same as

in this case. The court had jurisdiction, and it was the duty of the court to determine all the issues in the cause and having made a final judgment therein, defendant insists that all the issues in that case and in this are *res adjudicata.* See Herman on Estoppel, pp. 133, 297, 561; *Shelbina v. Parker,* 58 Mo. 329; *Dobbs v. Ins. 'Co.,* 72 Mo. 191; *Kelly v. Hurt,* 74 Mo. 571; *Caldwell v. White,* 77 Mo. 473; *Chouteau v. Gibson,* 76 Mo. 47; *Mason v. Summers,* 24 Mo. App. 182.

*Samuel Davis* and *Leslie Orear* for respondent.

(1) The plea of *res judicata* made by defendant's answer can not be invoked to the extent asked by him as a bar to plaintiff's right for an accounting between himself and his copartner. (2) The stipulation above referred to having submitted the question of the existence of partnership between the parties and there being no allegations in the defendant's answer in that case that would authorize affirmative relief, and no dissolution of the partnership being involved, and all other questions aside from the existence of the copartnership having been expressly withdrawn from the consideration of the jury and court by agreement of the parties, it necessarily follows that the fact of partnership constituted the only matter in issue. (3) It is not necessary for one partner when sued by his copartner at law to set up as a defense to such suit, facts which would work a dissolution of the copartnership, nor to dissolve the copartnership. He may plead that the note sued on is a partnership obligation and resist payment of his part on that ground alone, and the plaintiff could not recover in that form of action, and the partner may thereafter sue for a dissolution of the partnership and for a settlement of the accounts. Black on Judgments, secs. 614, 615 and 705; *Hickerson v. Mexico,* 58 Mo.

61; *Chouteau v. Gibson*, 76 Mo. 38; *Cockrell v. Stafford*, 102 Mo. 57; *Palmer v. Husey*, 87 N. Y. 303; *McIntyre v. Storey*, 80 Ill. 127. (4) The estoppel does not depend upon technicalities, but rests in the broad principles of justice, and extends no further than the court actually undertook to decide. *Hickerson v. Mexico*, 58 Mo. 61; *Packet Co. v. Sickles*, 24 How. (U. S.) 533; *Chrisman v. Harman*, 26 Am. Rep. 387; 21 Am. and Eng. Ency. of Law, p. 192; *Ibid.*, p. 199, div. 3. (5) It was, therefore, rightly concluded by the referees under the evidence that the mill' property was partnership property on the footing of personal property, in an equitable adjustment of the affairs of the partnership in their accounting. *Crow v. Drace*, 61 Mo. 227; *Willett v. Brown*, 65 Mo. 138; *Spalding v. Wilson*, 80 Ky. 589; *Fairchild v. Fairchild*, 64 N. Y. 471; *Paige v. Paige*, 71 Iowa, 318; *Way v. Stebbins*, 47 Mich. 296; *Duhring v. Duhring*, 20 Mo. 175; *Delmonico v. Guillinane*, 2 Sandf. Chy. 366; 1 Parsons, Cont., pp. 149, 150, and notes; Bates on Partnership, sec. 281. This contract is not influenced by the statute of frauds as contended for by appellant. Bates, Partnership, sec. 301.

BARCLAY, P. J.—The case is for an account between the parties to the suit as partners and for judgment for plaintiff's share. The defenses consist of a denial of the alleged partnership and a plea of a former adjudication of plaintiff's claim.

The cause went (without objection) to referees for trial of all the issues and a statement of the account.

The plaintiff's testimony tended to prove that in 1882 the defendant, Mr. Wm. M. Taylor, and Mr. Holmes were partners and owners of a flour mill in Saline county; that about the last of February of that year, plaintiff, Mr. L. D. Short, purchased the interest of Holmes, and entered into equal partnership with

defendant in the same enterprise. The former owners made a deed of the property outright to plaintiff, who gave back to Mr. Taylor three notes, of five hundred dollars each, payable at intervals of a year, and secured by deed of trust on the mill property.

One of the terms of the partnership, according to plaintiff's version, was that the business should go forward in the name of plaintiff, and that the defendant should not be known to the public as a partner.

The defendant denies the partnership. But (for reasons that will appear later) it is not necessary to set forth the evidence on either side bearing on that issue.

The mill was conducted for a number of years under the arrangement described by plaintiff. During that time a variety of monetary dealings occurred between plaintiff and defendant as well as between plaintiff and outside parties treating with him in regard to the firm's affairs.

In 1888 defendant brought two actions on the proceedings of which the plea of *res judicata* in this case is based.

The first of those actions was begun by Mr. Taylor against Mr. W. H. Short, a brother of plaintiff. W. H. had signed a note for $350 along with Mr. Taylor, as ostensible surety for the maker, L. D. Short. Mr. Taylor had been obliged to pay the note, and the action mentioned was brought to recover of Mr. W. H. Short, as co-surety, one half of the sum so paid by Mr. Taylor. The defense interposed to that action was that Messrs. Taylor and L. D. Short were partners at the time when the note was given and that it was executed for account of the firm. That defense was denied. Defendant also set up a counterclaim.

Before this action came to trial, a stipulation was filed in the other (the second) case by which it was agreed that the latter should abide the result of the

first. The second action was directly between Mr. Taylor, as plaintiff, and Mr. L. D. Short, as defendant. It was intended to recover of the latter the money which had been paid by Mr. Taylor to take up the same note that figured in the other action (wherein Mr. W. H. Short was the defendant). The answer in the second action (as in the first) charged that the note was really a firm note of plaintiff and defendant, though issued in the name of Mr. L. D. Short alone. The answer further went on to a close as follows:

"At the time said note was given, plaintiff and defendant were partners engaged in running a mill at Herndon, Saline County, Mo., and in buying grain for the purpose of making flour and meal for sale, and that said note was given for partnership purposes and for money used by them in carrying on the business of said partnership; that there has never been a settlement of the affairs of said partnership between plaintiff and defendant, but that upon a full settlement of said partnership, plaintiff will be largely indebted to this defendant; that on account of the number of transactions to be settled and the various matters to be examined, this defendant is unable to here state an account between himself and plaintiff.

"Defendant therefore prays this Court to appoint a referee to state an account between plaintiff and defendant and to settle said partnership, and for all such other orders as may be necessary in the premises."

To this answer there was a reply, denying generally the new matter and especially the alleged partnership. The latter denial was verified.

The first of these actions resulted in a verdict and judgment for defendant, including an affirmative finding for defendant on the counterclaim.

Then the stipulation in the second case was called

into play, and the following judgment thereon was rendered, February 16, 1889, viz.:

"WILLIAM M. TAYLOR, *plaintiff*, vs. L. D. SHORT, *defendant*. To wit: Now come the parties hereto, by their respective attorneys, and whereas the verdict and judgment is in favor of the defendant in the case of Wm. M. Taylor, plaintiff, against W. H. Short, defendant, therefore, in accordance with said verdict and judgment, and by virtue of the stipulation heretofore entered of record in this case (Wm. M. Taylor vs. L. D. Short), the court finds the issues for the defendant, and that plaintiff and defendant were partners and the plaintiff is not entitled to recover in an action of law against defendant on account of the payment of the note mentioned in the pleadings, and it is therefore ordered and adjudged, that plaintiff take nothing by this action, and that defendant have and recover of plaintiff his costs and charges in this behalf expended, and that execution issue therefor."

The effect of this judgment presents the most important question raised in the case at bar.

The first of the actions brought by Mr. Taylor was taken by him (after the judgment for defendant) to the Kansas City court of appeals for review. But that court affirmed the judgment.

The referees found for the plaintiff after a lengthy trial and the submission of a considerable amount of oral evidence. They stated the account between the parties growing out of the firm's business, and found that plaintiff was entitled to recover of defendant the sum of $4,124.63. Exceptions were filed to the report. They were overruled, and judgment was rendered conforming to the finding. The cause was brought to the supreme court by appeal after the usual formalities.

1.   The suit is in equity, and the corner-stone of the whole controversy is the question whether or not

plaintiff and defendant became partners about March 1st, 1882.   There is a sharp and unfortunate conflict of testimony on that subject.   The referees, however, found in favor of plaintiff's contention, and the trial court confirmed that finding.   The decision of the issue rests, in great part, upon the credibility of the witnesses who gave their oral testimony before the referees.

This court has constitutional power to review the facts as well as the law in a suit in equity, triable by the court.   *Hunter v. Whitehead* (1868), 42 Mo. 524. But we should be satisfied, in a case turning on the credibility of persons who appeared at the trial, that the preponderance of evidence is against the result reached on the circuit before we announce a different one here.   In this instance we are not convinced that the finding on the chief issue mentioned was against the preponderance of the testimony, so we shall not, on that ground, disturb it.   A judgment in a case in equity (no less than any other judgment) comes within the protection of section 2303, and should not be reversed unless the reviewing court believes that error was committed against the complaining party, and materially affecting the merits of the action.

2.   It may be well just here to refer to a technical objection to our considering at all the defendant's answer, in so far as the latter denies the partnership. Plaintiff insists that, because defendant's denial is not under oath, the allegation of partnership should be taken as admitted, citing section 2186 (R. S. 1889).

That section dispenses with proof of certain allegations of partnership in actions by, or against, alleged partners, unless the denial thereof is sworn to.   But the terms of the statute do not reach the case of a suit by one individual against another, charging a partnership relation between them.   Such a state of facts is

not within the letter of the statute, nor do we regard it as within its spirit or intent.

3.   The leading contention of defendant is that the settlement of partnership accounts (sought by plaintiff in this suit) is barred by force of the earlier judgment in the case of *Taylor v. Short*, the second of the two actions already described.   That judgment has been quoted at length to give every reader a clear view of its exact meaning.   The substance of defendant's argument regarding it is that as the present plaintiff, then defendant, demanded (in his answer in that case) a declaration of the partnership, and also a settlement of the partnership accounts, the judgment which followed that demand is a bar to a like claim put forward by the same party in the suit at bar.

If the issues mentioned were raised and decided in the former case between the same parties, they can not rightly again be litigated.   And if the prior judgment necessarily decided the issues in question, the latter are concluded, though no specific findings may have been announced as to those issues.   It is evident that the same issues as to partnership and account submitted in this suit were raised by Mr. Short by his answer in the former action.   He prayed affirmative relief in that answer; but the court made no finding for such relief or on that issue.   The judgment was not reached after a trial of that case, but by means of a stipulation that the case should abide the fate of the other action between Mr. Taylor and Mr. W. H. Short.

A judgment pronounced by consent of parties or upon stipulation should be accorded the same force as other judgments.   *In re South Am. & Mex. Co.* (1894), 1 Ch. (1895) 37.   Where, however, the extent of the adjudication does not appear by the record, the proceedings may be looked into by evidence for the purpose of ascertaining the matter actually involved in the

decision, so far as such inquiry may not conflict with the recitals or purport of the record. The stipulation, on which the judgment now in question is based, may certainly be examined to see whether the issue as to the state of the partnership accounts was in fact decided in the prior action. Neither the finding for defendant in that action nor the judgment "that plaintiff take nothing by this action and that defendant have and recover of plaintiff his costs," etc., disposed of the counter demand of defendant for a statement of the partnership account. Proof that that issue was not in fact decided does not contradict the record of judgment in that cause. The stipulation makes it clear that that portion of the case remained undecided, and hence that the former judgment is no bar to the plaintiff's present suit. That result must follow whether we view the stipulation as strictly a part of the record, leading to the judgment, or as mere evidence to elucidate the scope of the judgment. The stipulation came into the proceedings of the case at bar without objection and is entitled to due weight as explanatory of the actual decision in the former action.

The plaintiff on the other hand asserts that the judgment in the aforesaid action established conclusively the fact of the partnership between him and Mr. Taylor. That it did, to the extent comprehended by the issues on that subject in that case, which were actually determined by the final decision therein. But as the issue did not go further than the inquiry as to the partnership relation, at the time the note then in suit was made (1886), it is obvious that the former judgment can not properly be regarded as adjudicating the fact, or the terms, of a partnership in 1882, as alleged in the plaintiff's petition in the suit now at hand.

4. Defendant complains that the report of the referees required him to take the mill property at an appraisement fixed by them, and to account for one half of the value so ascertained. We do not regard this objection as accurately presenting the effect of the report on this point. Defendant had acquired the legal title to the property by purchase at the sale under the deed of trust in 1887. He asserted an exclusive right to it, and denied the plaintiff's interest therein as partner or otherwise. Under the pleadings (which presented only the issues of partnership, accounting and *res judicata*) it was entirely proper to charge defendant with the value of the property which he had taken exclusive possession of, and to which he held title, after the referees found that plaintiff was equitably entitled to share equally therein because of the partnership. Had Mr. Taylor wished to rid himself of the obligation to account for that property to the firm, he should have taken some appropriate steps in the trial court to put the title at the disposal of the firm. There was no error in treating his omission to take any such steps as an election to retain the property; and, in that event, it was entirely proper to charge him in the settlement with the fair and reasonable value of his partner's share thereof—which was what the referees did.

5. It is not necessary at this time to go into the accounting. It is conceded that there was sufficient evidence before the referees to warrant their findings on that issue, except in the particulars already discussed, and, with those exceptions, no revision of the result of the accounting by the referees is asked here.

6. The fact that plaintiff, in 1882, gave to defendant notes, secured by a deed of trust on the property, does not preclude plaintiff from showing that

that transaction was but part of the agreed plan to put the ostensible title in him while defendant was to become an entirely dormant partner. The referees evidently accepted as true plaintiff's explanation of that feature of the partnership arrangement. We are not satisfied that in so ruling on the facts they were wrong. So we do not reverse that finding.

The judgment is affirmed. MACFARLANE, ROBINSON, and BRACE, JJ., concur.