JAMES HAYDEN, APPELLANT, v. SARAH YELTON AND HUBERT SMITH, RESPONDENTS.—237 S. W. 2d 249.

Kansas City Court of Appeals. Opinion delivered February 5, 1951.

· *Walter W. Calvin, John J. Robison* and *Orin J. Adams* for appellant.

*Stanley Garrity, William H. Sanders* and *Caldwell, Downing, Noble & Garrity* for respondents.

BROADDUS, J.—This appeal involves Section 73 of the New Code and the background is a collision between two automobiles at a street intersection in Cameron, Clinton County, Missouri, ön December 22, 1947. One automobile was owned by respondent, Sarah Yelton, but driven by respondent, Hubert Smith. The other automobile was both owned and operated by appellant, James Hayden.

On June 3, 1948, respondent, Sarah Yelton, a resident of Jackson County, Missouri, instituted an action in the Circuit Court of Clinton County, against appellant, James Hayden, a resident of said county, to recover property damages to her automobile which had resulted from said collision. This was cause No. 3156. Service of process was had upon James Hayden and on June 9, 1948 he filed his motion in said cause No. 3156, as a third party plaintiff, to file his petition in said cause, and serve summons upon and make Hubert Smith, a third party defendant therein. This motion was sustained by the court and on June 17, 1948, James Hayden filed his petition as a third party plaintiff against said Hubert Smith as a third party defendant. Service of process was duly obtained upon Hubert Smith as a third party defendant in said cause No. 3156.

On June 17, 1948, James Hayden filed his answer and counterclaim to Sarah Yelton's petition in said cause No. 3156. His petition filed against Hubert Smith asserted in virtually the same language the same claim for personal injuries and property damage which he asserted in his counterclaim against Sarah Yelton.

On September 27, 1948, James Hayden dismissed his third party petition in said cause No. 3156 against Hubert 'Smith. Then, on October 16, 1948, and while said cause No. 3156 was still pending in the Circuit Court of Clinton County, but only as between Sarah Yelton as plaintiff, and James Hayden, as defendant, James Hayden instituted this, the present action, in the Circuit Court of DeKalb County, against Sarah Yelton and Hubert Smith. Service of process having been duly obtained upon each of them, they, on November 27, 1948, filed their joint and separate answer to plaintiff (Hayden's) petition and, on April 25, 1949, upon their application for a change of venue, said cause was transferred to the Circuit Court of Caldwell County.

On November 4, 1949, the action in Clinton County, case No. 3156, came on for trial. At the commencement of that trial James Hayden dismissed his counterclaim against Sarah Yelton. The case was tried on its merits and the jury returned a verdict in favor of plaintiff, Sarah Yelton. The judgment based upon said verdict became final and was paid and satisfied of record.

On March 20, 1950, Sarah Yelton and Hubert Smith filed their joint amended motion to dismiss the present cause. This motion alleged that this action was instituted by James Hayden in the Circuit Court of DeKalb County on October 16, 1948: (a) after the petition of Sarah Yelton, and counterclaim and third party petition of James Hayden had been filed in the Circuit Court of Clinton County in case No. 3156; and (b) after service of process on James Hayden and Hubert Smith had been had in the aforesaid Clinton County action and; (c) after the Circuit Court of Clinton County had obtained jurisdiction of the persons of Sarah Yelton and James Hayden and Hubert Smith; that the petition of James Hayden in the present case again alleged the collision of December 22, 1947, between the automobile which he owned and operated at said time and place and the automobile owned by Sarah Yelton and operated by Hubert Smith and again prayed for damages for his personal injuries and damage to his automobile, all allegedly sustained as a result of said collision; that said James Hayden instituted this action when there was another action pending between the same parties for the same cause in this state; and that James Hayden never had the right to institute or proceed with this action since his legal remedy was and always had been to present his claim against either Sarah Yelton or Hubert Smith in the Circuit Court of Clinton County in case No. 3156; that James Hayden in failing to pursue or present his claim against Sarah Yelton and Hubert Smith in said Clinton County action has

waived such claim and cannot recover thereon in this action; that the judgment of November 4, 1948 in the Clinton County Circuit Court, by reason of res judicata, estops said James Hayden from recovering herein.

On April 13, 1950, said amended motion of Sarah Yelton and Hubert Smith to dismiss was taken up by the court and sustained and the cause dismissed. Plaintiff, James Hayden, filed his motion for new trial which was overruled and he perfected his appeal to this court.

Appellant contends that the court, in sustaining respondents amended motion to dismiss unlawfully denied him a right of action upon the claim sued upon in his petition against both or either of the respondents.

The trial court's holding was based upon Section 73 of the New Code (Mo.R.S.A. 1939, Sec. 847.73).. It provides:

"A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Nowhere in the motion to dismiss or in the stipulated facts upon which it was determined does it appear that Hubert Smith was operating the automobile of Sarah Yelton as her agent or servant. Unless the relationship of master and servant or principal and agent existed between Sarah Yelton and Hubert Smith there was no liability on the part of Sarah Yelton to appellant James Hayden. Reis v. Gentry, 87 S.W. (2nd) 1037 (Mo.) and Sweat v. Brosman, 198 S. W. (2nd) 531 (Mo.App.) In appellant Hayden's brief is the statement that "at the time of said collision, Sarah Yelton's automobile was being driven by the respondent, Hubert Smith, who, *in her absence, had been permitted by her, to operate the same.*" That statement is not challenged in respondents' brief, nor is there anything in the stipulation of facts to contradict it. Merely consenting to the operation of her automobile by Hubert Smith would not make Sarah Yelton liable to James Hayden for Smith's negligence. (Reis and Sweat cases, supra.) Under that situation, Section 73 of the New Code would have no application because under it there can be no counterclaim in the absence of a "claim * * * against the opposing party."

From the above it would appear that appellant Hayden's cause of action, or claim, as it is now called, was solely against respondent Hubert Smith.

Appellant as a third party plaintiff in the Clinton County action had a right to dismiss his third party petition in that cause, and institute the present action against Hubert Smith. This was authorized under Sections 99 and 102 of the New Code. Section 99 allows a plaintiff to dismiss his action without prejudice at any time before the same is finally submitted to the jury. Section 102 provides that

the provisions of Section 99 apply "to the dismissal of any   &ast;  &ast;  &ast; third-party claim."

In any event, appellant, Hayden, cannot pursue his present action against respondent Sarah Yelton. If he had an existing counterclaim against her, then, under Section 73, supra, he was compelled to file it in the Clinton County action. If he had none, he would still be bound by the Clinton County judgment in her favor.

We conclude that the action of the trial court in sustaining the motion to dismiss as to respondent, Sarah Yelton, was proper, but not as to respondent Hubert Smith. As to the latter, the cause is reversed and remanded. All concur.