238 S.W.2d 1 (1951)
BRINKMANN
v.
COMMON SCHOOL DIST. NO. 27 OF GASCONADE COUNTY et al.
No. 28023.
St. Louis Court of Appeals, Missouri.
March 20, 1951.
Motion for Rehearing or to Transfer to Denied April 20, 1951.
*2 J. H. Mosby, John P. Peters, Linn, for appellants.
Joseph T. Tate, Owensville, for respondent.
Motion for Rehearing or to Transfer to Supreme Court Denied April 20, 1951.
McCULLEN, Judge.
This suit was brought by Morris Brinkmann, respondent as plaintiff, against Common School District Number 27 of Gasconade County, Missouri, and the members of its Board of Directors as defendants on November 12, 1949, in the Circuit Court of Gasconade County to recover from defendants the sum of $1280 salary as teacher of the public school in said district for the school year of 1949-50. The cause was tried before the court and a jury on January 16, 1950, resulting in a verdict and judgment, on the same day, in the sum of $1280 in favor of plaintiff Brinkmann. After an unavailing motion for a new trial defendants duly appealed to this court.
This case involves the same parties that were involved in cause No. 27964 in this court which was decided by this court on November 2, 1950, 233 S.W.2d 768. However, in the former case the School District and the members of its Board of Directors were plaintiffs-respondents and Brinkmann was defendant-appellant, whereas in the case at bar Brinkmann is plaintiff-respondent and the School District and the members of its Board of Directors are defendants-appellants.
The former case was a suit in equity brought by the School District and its Board of Directors on September 7, 1949, praying for an injunction against Brinkmann in the same Circuit Court. In the former case appellants procured from the Circuit Court a temporary restraining order, restraining respondent from teaching or attempting to teach the school, which was served upon respondent on September 9, 1949. On November 8, 1949, after a trial, said court issued an injunction perpetually enjoining and restraining Brinkmann from teaching or attempting to teach, or instruct the pupils of the school of said district, or interfering with the Board of Directors or with Norris Rohlfing, another teacher employed by said Board in the operation of said school. In due time Morris Brinkmann appealed to this court from the judgment of the court in said injunction suit. On November 2, 1950, this court reversed the judgment of the trial court in said injunction suit and remanded the cause with directions to the trial court to vacate and set aside both the temporary and permanent injunctions and to dismiss the petition of plaintiffs therein (appellants herein) at their costs. See Common School District No. 27 of Gasconade County v. Brinkmann, cause No. 27964, Mo.App., 233 S.W.2d 768.
It will be observed that the judgment in favor of plaintiff Brinkmann in the case at bar was rendered in the trial court on January 16, 1950, which was about ten months prior to the decision of this court on November 2, 1950, reversing the judgment in the former case.
Appellants herein as plaintiffs in the former case had brought their suit for an injunction on the theory that they were free to cancel and abrogate Brinkmann's contract as teacher without giving him any notice. They completely overlooked and failed to comply with Section 10342A, Laws Missouri 1943, page 890, Mo.R.S.A. Section 10342A, now Section 163.090, R.S.Mo.1949.
*3 Their theory was not only without support in law but was contrary to law. This court held in that case that Brinkmann had a valid contract with appellants to teach the school for the year 1949-1950 under the same terms and conditions as provided in his contract for the preceding school year. We held that said result was mandatory under Section 10342A, supra.
The testimony in this case was, in substance, practically the same as the testimony given in the former case which we reviewed in said case at length. See opinion of this court in said former case referred to above. Common School District No. 27 of Gasconade County v. Brinkmann, Mo.App., 233 S.W.2d 768.
The record shows that Brinkmann, hereinafter referred to as respondent, who is a duly qualified school teacher by profession, had been employed as teacher by Common School District Number 27 of Gasconade County and its Board of Directors, who will be referred to as appellants. Respondent had taught said school for three years next prior to the school year beginning in September 1949, and in each of said years had a written contract with appellants in accordance with law. Under the terms of the last written contract under which respondent served as teacher he received the sum of $160 per month payable monthly. It appears from the evidence that appellant Christ Pohlmann had been a director of said School District for six years past and at the time of the controversy herein was President of the Board of Directors. Appellant George Koelling had been a Director for the past three years and appellant Walter Marsch was elected a Director at the April meeting of 1949.
When the time came for appellants to re-employ or refuse to re-employ respondent as teacher, appellants failed to comply with Section 10342A, supra, now Section 163.090, R.S.Mo.1949, of the statutes governing schools, which provides, insofar as it is involved in this suit, as follows: "It shall be the duty of each and every board having one or more [school] teachers under contract to notify each and every such teacher in writing concerning his or her re-employment or lack thereof on or before the fifteenth day of April of the year in which the contract then in force expires. Failure on the part of the board to give such notice shall constitute re-employment on the same terms as those provided in the contract of the current fiscal year; * * *." (Emphasis ours.)
It is admitted by appellants that they did not give respondent any written notice as required by the above statute when the time came for the employment of a teacher for the 1949-1950 school year. Notwithstanding the school board's failure to notify respondent in writing and his consequent re-employment by operation of Section 10324A, now Section 163.090, R.S.Mo.1949, supra, respondent himself notified appellants in writing on May 2, 1949, that he accepted re-employment as teacher of said School District for the school year beginning September 6, 1949, under the same terms and conditions provided for in the contract that he had for the school year 1948-1949. Respondent further advised appellants in said writing that he would be present at the opening of school on September 6, 1949, ready to resume his duties as teacher of that school, and that if there was anything they wished to discuss with him prior to the opening of school he would be glad to meet with them. It is admitted that appellants received the above mentioned notice from respondent.
On September 6, 1949, respondent went to the school house and at the regular opening time proceeded to perform his duties as teacher of the school by ringing the bell, assigning lessons to the pupils, and hearing class recitations. The record shows that prior to September 6, 1949, appellants had made a written contract with one Norris Rohlfing to teach the school for the school year 1949-1950, in place of respondent, and that Rohlfing was present on the opening day of school in September 1949, as were the appellants-members of the Board of Directors. The members of the Board of Directors on that occasion requested respondent Brinkmann to turn over the duties of teacher to Rohlfing but respondent declined to do so and continued to perform the duties of teacher until noon that day and thereafter went *4 to the school house and sat in the school room each day after the opening day, until September 9, 1949, ready to perform his duties as teacher. On the last mentioned day respondent was served with the restraining order issued by the Circuit Court of Gasconade County requiring him to refrain from teaching or attempting to teach school until the further order of the court. It is not disputed that respondent Brinkmann made no further effort to teach the school after the court's order was served on him.
It would serve no useful purpose for us to set forth here what took place on the morning of September 6, 1949, when Brinkmann undertook to perform his duties as teacher. Anyone interested in the details of such testimony will find it set forth in the opinion of this court in the former case, supra.
After the final and permanent injunction was issued against Brinkmann by the Circuit Court on November 8, 1949, he brought this suit against the School District and its Board of Directors on November 12, 1949, for his salary as teacher for the school year 1949-1950. It will be noted that this suit by respondent was brought four days after the permanent injunction was issued against him. The trial of this cause resulted, as heretofore stated, in a verdict and judgment in respondent Brinkmann's favor for the full amount of $1280 for which he had sued.
Appellants contend that respondent's present action is barred for the reason that his cause of action herein existed and was available to him by way of counterclaim in the former suit between these parties, but that he failed to file a counterclaim.
In support of their contention appellants cite Section 73 of the Civil Code of Missouri, Laws Missouri 1943, page 377, Mo. R.S.A. Section 847.73, now Section 509.420, R.S.Mo.1949, which provides: "A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrences that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
There can be no doubt that Section 73, supra, of the new General Code for Civil Procedure of Missouri was intended by the Legislature to compel parties involved in litigation to try all of their claims covering the same subject matter and arising out of the same transaction or occurrence in one action provided the claims come within the provisions of said statute. The general purpose motivating the Legislature in adopting said section was to avoid circuity of action, unnecessary delay, and unnecessary costs as well as to do away with confusion and uncertainty in reaching final conclusions in adjudicating the rights of parties in our courts. See Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 474; State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31, 37. See also Vol. 1, Carr, Missouri Civil Procedure, pp. 525-534.
Section 73 of the Missouri Civil Code, supra, was copied from Rule No. 13(a) of the Rules of Civil Procedure, 28 U.S.C.A., adopted by the Federal Courts long prior to the enactment of the Missouri Civil Code. Section 73, supra, of the Missouri Civil Code has been construed and applied in a few cases by our Missouri courts, but we have found no case of either Federal or State court and none has been cited to us in which the facts were the same as in the case at bar. A careful analysis of the language of Section 73, supra, is, therefore, necessary to enable us to determine whether respondent herein is barred from recovering his salary for the year mentioned because he failed to file a counterclaim in the former cause.
Keeping in mind the language of Section 73, supra, we may ask what elements were necessary to be present in respondent's claim in order to have made it compulsory for him to file a counterclaim in the injunction suit which was brought against him by appellants. The first requirement stated in the statute is that respondent's claim is "not the subject of a pending action." It is clear that respondent's claim for salary was not then "the subject of a *5 pending action." Therefore, we need not concern ourselves further with that element mentioned in the statute.
The next element provided in the statute, Section 73, supra, to have made the filing of a counterclaim compulsory, is that respondent herein must have had a claim "against any opposing party" and it must have existed "at the time of the filing" of his pleading in the injunction suit. Can it be said that respondent herein had an existing claim against "an opposing party" when he filed his motion and answer in the injunction suit brought against him by appellants? It may seem at first glance that respondent's status at that time was uncertain and that he could not have known at that time whether he had a cause of action against appellants for breach of contract which could be asserted as a counterclaim.
We have carefully explored that view but after careful consideration of the entire unusual situation shown in this record we find ourselves unable to escape the conclusion that respondent did have a cause of action against appellants prior to and at the time he filed his pleading in the injunction suit which under the statute, Section 73, supra, should have been asserted as a counterclaim in the injunction suit.
It is undisputed now in this suit that respondent had a valid contract of employment under and by virtue of the statute, Section 10342A, supra, upon the failure of appellants to give him written notice that his contract would not be renewed. Therefore, respondent's cause of action against appellants arose and accrued when appellants breached that contract by preventing him from performing his duties as a teacher by obstructing his work as teacher in the school room on September 6, 1949, the first day of school, and by procuring a temporary restraining order of the Circuit Court on September 9, 1949, thereby preventing respondent from performing his duties as teacher of the school. When appellants breached said new contract respondent's cause of action for that breach accrued to him at that time independently of the injunction which was served on him on September 9, 1949, and without regard to what might ultimately happen in the injunction suit. Dye v. School District No. 32 of Pulaski County, 355 Mo. 231, 195 S.W.2d 874.
Appellants as Directors of the School Board were not under any obligation or duty to bring the injunction suit and they might never have done so. Even if appellants had not brought the injunction suit at all respondent had a cause of action against them and his right to assert it accrued to him independently of the injunction suit immediately upon appellants' breach of the contract. Dye v. School District No. 32, supra. The general rule is stated in 1 C.J.S., Actions § 124a, p. 1386, as follows: "A cause of action accrues at the time when its owner may legally invoke the aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain an action or suit."
Furthermore, although the decision in the injunction suit would to a certain extent determine respondent's right to damages against appellants for breach of said contract, nevertheless respondent's cause of action against appellants was not contingent upon the termination or the result of the injunction suit. Brink v. Kansas City, 358 Mo. 845, 217 S.W.2d 507. It, therefore, appears that the second element mentioned in the statute, Section 73, supra, making the filing of a counterclaim mandatory in the injunction suit also was present in respondent's claim.
The next element of the statute, Section 73, supra, necessary to be present as a basis for making the filing of a counterclaim in the injunction suit compulsory was that respondent's claim arose "out of the transaction or occurrences that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
The subject matter of an action refers to the abstract subject of judicial inquiry. Such subject matter is broader in its scope and meaning than the cause of action or the remedy pursued. 1 C.J.S., Actions, § 1 i, pp. 959, 960. See also Cantrell *6 v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 474, where our Supreme Court held that under the statute, Section 73, supra, respecting counterclaims the "subject matter of an action" is not a phrase which can mean but one thing in whatever position it be placed but it may be applied to different things, tangible or intangible under the same circumstances, and it is not the "cause of action" nor the "object of the action," but that it is descriptive of the physical facts in relation to which the suit is prosecuted. The court further held in said case under said statute that the word "claim" does not refer to the form of the action but to the underlying facts combined with the law giving a party a right to a remedy of one form or another based on the claim while the word "transaction" should broadly be construed to include all the facts which constitute the foundation of the claim. Cantrell v. City of Caruthersville, supra.
In the case at bar the "transaction or occurrence" that constituted the "subject matter" of appellants' claim on which they brought their injunction suit was the dispute over the question of whether respondent had a valid contract to teach the school. Appellants claimed respondent had no contract to teach. Appellant claimed he had a valid new contract to teach. It thus appears that before and at the time respondent filed his pleading in the injunction suit, all the elements provided by the statute, Section 73, supra, to make the filing of a counterclaim compulsory were present in respondent's claim for his salary including the element that no third party's presence was necessary for its adjudication.
It is unfortunate that respondent who was held to be right in the injunction suit, and who prevailed against appellants in that suit, must be denied recovery of his salary because he did not assert his claim as a counterclaim in that suit as required by Section 73, supra. However, that is the clear legislative policy of the State as written into the new Civil Code in Section 73, supra, and we cannot lawfully reach any other conclusion. It is the plain duty of courts to apply the law as written by the Legislature and leave to that tribunal the matter of determining questions of legislative policy.
The judgment of the trial court is reversed.
ANDERSON, P. J., and BENNICK, J., concur.