255 S.W.2d 770 (1953)
BRINKMANN
v.
COMMON SCHOOL DIST. NO. 27 OF GASCONADE COUNTY et al.
No. 42675.
Supreme Court of Missouri, en Banc.
February 14, 1953.
J. H. Mosby, Linn, John P. Peters, Linn, for appellants.
Joseph T. Tate, Owensville, Horace T. Robinson, Waynesville, for respondent.
CONKLING, Chief Justice.
Under Rule 2.07 this case was reassigned to the writer on January 29, 1953.
The case came to us upon our transfer order dated May 11, 1951, after an opinion in the cause had been adopted on March 20, 1951, by the St. Louis Court of Appeals, wherein the cause was then pending on appeal. Brinkmann v. Common School District Number 27 of Gasconade County, 238 S.W.2d 1. That court reversed the judgment entered below.
This action was instituted by Morris Brinkmann, to recover from the defendant school district, and the named defendant school directors, the sum of $1,280 salary claimed to be due him as the teacher of the school in District No. 27 for the school year 1949-1950. Upon the trial plaintiff had judgment for the above amount and defendants appealed.
The parties here are the same as the parties in Common School District Number 27 of Gasconade County v. Brinkmann, Mo.App., 233 S.W.2d 768 [hereinafter called "the first case"], except that in the first case the School District and the directors were plaintiffs and Brinkmann was defendant.
The first case was an injunction action filed in the circuit court on September 7, 1949, by the School District and the directors, as plaintiffs, to enjoin Brinkmann from teaching or attempting to teach the school for the school year in question. The restraining order was awarded September 9, 1949. The trial court entered its decree ordering a permanent injunction against Brinkmann on November 8, 1949. Brinkmann appealed, and on November 2, 1950 the St. Louis Court of Appeals reversed the trial court's decree, ordered the injunction dissolved and the petition dismissed.
*771 The facts out of which these two cases between these parties arose are fully set out in the two opinions cited hereinabove. We will not restate the facts here except in abbreviated form. Those two above cited opinions should be read in connection with the disposition we here make of this case.
Under contract with the directors of the school Brinkmann had taught the school in question for the three years prior to the school year beginning in September, 1949. As to Brinkmann's services for the 1949-1950 school year the Board did not, in writing, give Brinkmann the notice mentioned in Section 10342A, Laws Missouri 1943, page 890, Section 163.090, RSMo 1949, V.A.M.S. Instead, the School Board, by contract, employed one Norris Rolfing to teach the school for the 1949-1950 school year. Both Brinkmann and Norris Rolfing appeared on September 6, 1949, the first day of school, to teach the school, and both were there present for a few days. The school directors, however, succeeded in putting Mr. Rolfing in as teacher and, on September 7, 1949, the directors filed the injunction action to enjoin Brinkmann as above noted. On September 28, 1949, Brinkmann filed answer to the petition for injunction and prayed that the restraining order be dissolved and the petition dismissed.
The sole matter instantly for our disposition is the contention of the defendant school district and school directors that Brinkmann's instant action for his $1,280 salary as teacher for the year 1949-1950 is barred because his cause of action therefor existed and was available to him by way of counterclaim in the first case at the time he filed his pleading therein, and Brinkmann failed to file such counterclaim in the first case. In support of their just above contention that Brinkmann's action for his $1,280 salary as teacher is barred, the school district and directors rely on Section 509.420 RSMo 1949 and V.A.M.S., the compulsory counterclaim statute. In a prior case we have considered and applied that statute. Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001. But Brinkmann now contends that it would have been premature to have undertaken to assert his salary claim in the injunction action by way of counterclaim, and that the compulsory counterclaim section of our Civil Code cannot be applied in an injunction action. We have concluded that Brinkmann's contentions are without merit.
We have carefully examined all the briefs of the parties, the authorities and contentions therein; the plaintiff's motion to transfer and the authorities therein; and the opinion of the Court of Appeals, 238 S.W.2d 1, wherein that Court fully examined and ruled the only question instantly before us. We have concluded that the Court of Appeals correctly ruled the case and fully stated the reasons for its conclusions. We agree with its opinion above cited. It would serve no useful purpose if we were to extend this opinion by any further restatement upon the matter.
We think that final disposition of the cause should not be further delayed. Accordingly, the judgment is reversed. It is so ordered.
All concur.