G. V. LANDERS, Plaintiff-Appellant,

v.

Dessie M. SMITH, Defendant-Respondent.

No. 8252.

Springfield Court of Appeals.

Missouri.

May 29, 1964.

James K. Prewitt, Henry W. Westbrooke, Jr., Miller, Fairman, Sanford, Carr & Lowther, Springfield, for plaintiff-appellant.

Buell F. Weathers, Mann, Walter, Powell, Burkart & Weathers, Springfield, for defendant-respondent.

HOGAN, Judge.

This is an action for $1,000.00 property damage sustained by plaintiff in a collision of two motor vehicles. The trial court has entered judgment for the defendant on her motion for summary judgment, and the plaintiff has appealed. The specific question for our consideration is whether, upon the facts and circumstances of this case, the plaintiff's claim is barred because he failed to assert it as a counterclaim in a previous action between the same parties in which he was defendant and the present defendant was plaintiff.

The appeal is before us upon a record consisting of some of the pleadings in the present action and some of the pleadings in the previous case, and in certain respects it does not fully disclose what occurred. In view of our duty to dispose of a case if we reasonably can, however, Rule 83.13 (c), V.A.M.R.; State ex rel. George v. Mitchell, Mo.App., 230 S.W.2d 116, 120 [5], we have concluded that the record is sufficient for us to reach a decision with reasonable confidence in its fairness and accuracy, even though certain steps taken in the two cases might have been more fully disclosed to us.

In general, as shown by the record on appeal, the facts are these: On May 10, 1962, automobiles being driven by the present plaintiff, Landers, and the present defendant, Smith, collided on U. S. Highway 66 a short distance west of Springfield, Missouri. On August 10, 1962, Miss (or Mrs.) Smith instituted an action against Landers in the Circuit Court of Greene County, Missouri, and the parties concede that valid service was obtained. None of Landers' pleadings from the first action appear in the record, although we gather from the argument of counsel that some sort of authorized motion was filed. In any event, this first case was dismissed by stipulation on January 15, 1963. The stipulation, signed by former counsel for both parties, reads as follows:

"It is hereby stipulated and agreed by and between the plaintiff and defendant in the above entitled cause, as follows:

"1. That plaintiff's petition, and Count I and Count II thereof, in which plaintiff seeks to recover damages of Two Thousand Dollars ($2,000.00) for alleged personal injuries received by plaintiff and Four Hundred Twenty-Five Dollars ($425.00) for alleged property damage as a result of accident which occurred on May 10, 1962, on US Highway No. 66 at a point approximately one hundred (100) feet West of Highway 66 and MM Junction in Greene County, Missouri, all claimed to have been

caused by the negligence, carelessness, and recklessness of Gerson V. Landers at said time and place, should be, and hereby is, dismissed with prejudice by plaintiff herein.

"2. That, however, *such dismissal with prejudice* of plaintiff's petition, and Count I and Count II thereof, *shall not foreclose, change, modify, affect or prejudice the rights and causes of action, if any, of Gerson V. Landers, defendant in the above entitled suit,* nor the rights and causes of action, if any, of the State Farm Mutual Automobile Insurance Company in the subrogation clause of its policy of insurance with the said Gerson V. Landers." (Emphasis ours)

On March 5, 1963, the present plaintiff, Landers, instituted this action against the present defendant, Smith, setting up the same general facts as had been alleged in the first action, alleging many acts of negligence on defendant Smith's part, and seeking recovery for damage to Landers' automobile in the sum of $1,000.00. Shortly after the commencement of the second action, the present defendant, Smith, filed a request for admission, setting up the identity of the parties in the first action, the identity of the general subject matter, the disposal of the first case upon stipulation, and the failure of the present plaintiff to file any counterclaim or assert his present cause of action in any manner prior to institution of the present action on March 5, 1963. The record does not indicate what answers, if any, were filed in response to this request. Substantially the same matters were pleaded in the motion for summary judgment, in any case, and the court granted the motion.

The appellant here argues that his claim was not barred as an omitted compulsory counterclaim because the first suit was dismissed before he was required to assert it, and he further argues that, in any case, defendant Smith is estopped by her stipulation, which reserved the plaintiff's present claim. The respondent answers by saying that the present action is a claim which should have been asserted as a counterclaim, and, citing Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001, and Max v. Spaeth, Mo., 349 S.W.2d 1, maintains that, regardless of the conduct of the parties, the plaintiff's action is now barred by the force of Rule 55.45(a).[1] Since the cause was determined upon motion for summary judgment, we must review the matter as we would a court-tried or equity case, to determine the sufficiency of the evidence to support the judgment on any theory, entering such judgment as the trial court ought to have given. Rules 73.01(d) and 83.13(c); Swink v. Swink, Mo., 367 S.W.2d 575, 577-78 [1-3].

Rule 55.45(a) requires that "[a] pleading shall state as a counterclaim any claim which at the time of filing such pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." In all respects material here, this rule is the counterpart or analogue of Fed.R.Civ.P. 13(a) and was enacted as a means of bringing all logically related claims into a single litigation through the penalty of precluding the later assertion of omitted claims, even though the rule does not, in express terms, provide a penalty for lack of compliance.[2] It is plain that failure to plead a compulsory

1. All references to statutes and rules are to RSMo (1959), V.A.M.S. and V.A.M.R. Rule 55.45(a) was originally enacted as § 73 of the Code of Civil Procedure, L. 1943, p. 377, and was carried forward in the 1949 and 1959 revisions as § 509.420.

2. Lesnik v. Public Industrials Corp., 2d Cir., 144 F.2d 968, 975; Keller v. Keklikian, supra, 362 Mo. at 926-927, 244

S.W.2d at 1004-1005 [4, 5]; State ex rel. Fawkes v. Bland, 357 Mo. 634, 640, 210 S.W.2d 31, 33; Brinkmann v. Common School Dist. No. 27, Mo.App., 238 S.W. 2d 1, 5-6 [4, 5] [6, 7], aff'd. Brinkmann v. Common School Dist. No. 27 of Gasconade Co., Mo., 255 S.W.2d 770; see Wright, Estoppel by Rule: The Compulsory Counterclaim, 39 Iowa L.R. 255, 260 (1954).

counterclaim bars the pleader from bringing a later independent action upon the same claim,[3] although the nature and extent of the bar interposed by compulsory counter-claim statutes is the subject of divergent views, or at least considerable semantic confusion.[4] Our courts seem to hold that there is a waiver of the unasserted claim.[5]

▌ We do not understand the parties to question these general principles, nor is there any question that the two claims, Landers' and Smith's, were claims to which Rule 55.45(a) would ordinarily apply. Keller v. Keklikian, supra, 362 Mo. at 927, 244 S.W.2d at 1005. The respondent concedes that, upon the record presented, there is no indication that any release was executed, and there is no issue of any accord and satisfaction based on such a release. There is no contention that the stipulation filed in the first case was unauthorized. The respondent makes no claim of any fraud, duress or mistake in the execution of the stipulation. What we must consider and resolve in this case is, in the first place, whether Mr. Landers' present claim was absolutely barred by the force of Rule 55.45(a) at the time the first action was dismissed, and, if it was not, whether the stipulation for dismissal was effective to preserve Landers' separate claim for property damage for later assertion.

▌ We do not know, with any reasonable degree of certainty, the stage to which the pleadings had progressed in the first

action when it was dismissed. Counsel for the appellant assures us that, at the time of dismissal, the case was pending on an authorized motion and therefore no "pleading," as the word is used in Rule 55.45(a), was yet due. Therefore, his argument runs, since a responsive pleading could be filed within ten days after notice of the trial court's action on the motion, Rule 55.27(c), he cannot be said to have waived his counterclaim in the first case. We think it may be true that there is no waiver of a compulsory counterclaim at all until the time has arrived for defendant's responsive pleading, Potter v. Carvel Stores of N. Y., Inc., Md., D.C., 203 F.Supp. 462, 464–465 [1], aff'd. 4 Cir., 314 F.2d 45. The difficulty with that argument here is that no motion (or other indication of Landers' pleading in the first case) is to be found in the transcript. We cannot accept counsel's statement as a substitute for record proof, even though we have no reason whatever to question its accuracy. In re Jackson's Will, Mo.App., 294 S.W.2d 953, 954 [1, 2]; E. C. Robinson Lbr. Co. v. Lowrey, Mo. App., 276 S.W.2d 636, 644 [21]. The most we can say as a matter of fair inference is that the first action was voluntarily dismissed by the original plaintiff, Smith, prior to a trial on the merits.

▌▌ Even so, we do not believe that Landers' counterclaim was absolutely and finally barred at the time the first case was dismissed. We cannot read into the Keller case, supra, 362 Mo. 919, 244 S.W.2d 1001, nor Max v. Spaeth, supra, 349 S.W.2d 1,

3. Keller v. Keklikian, supra, 362 Mo. at 927, 244 S.W.2d at 1005; State ex rel. Fawkes v. Bland, supra, 357 Mo. at 640, 210 S.W.2d at 33; Brinkmann v. Common School Dist. No. 27, supra, 238 S.W.2d at 5–6 [4, 5] [6, 7], aff'd. Brinkmann v. Common School Dist. No. 27 of Gasconade Co., Mo., 255 S.W.2d 770; Hayden v. Yelton, Mo.App., 237 S.W.2d 249, 252 [4, 5]; State ex rel. Mack v. Scott, Mo. App., 235 S.W.2d 106, 111 [9].

4. See Wright. op. cit., 39 Iowa L.R. at 260–63, id. at 269–286; 1A Barron & Holtzoff, Fed.Practice & Proc., § 394.1, pp. 584–87 (Rules Ed. 1960).

5. State ex rel. Fawkes v. Bland, supra, 357 Mo. at 640, 210 S.W.2d at 33, " * * * If he deliberately fails to do so [assert his compulsory counterclaim] he waives such claim"; State ex rel. Mack v. Scott, supra, 235 S.W.2d at 111, " * * * A party failing to set up * * * any related claims * * * waives the claims"; see Hyde & Douglas, The Civil Code Act of 1943, 2 Carr Mo. Civ.Proc. 551 " * * * A party who disregards this requirement will no doubt be held to waive his counterclaim."

any definition of the extreme last moment at which a compulsory counterclaim can be filed. In our view, the bar of the compulsory counterclaim rule does not become complete, nor is the counterclaim wholly foreclosed, until the action proceeds to judgment.[6] Until the first action proceeded to judgment, the trial court still had discretionary power to permit consideration of Landers' counterclaim, Rule 55.48; Wendell v. Holland-America Line, supra, n. 6, 30 F.R.D. at 163–64 [1, 2]. Therefore, we conclude that the counterclaim was still open to consideration at the time the stipulation was filed. Certainly there is no indication that Landers "deliberately waived his counterclaim"; his stipulation speaks to the contrary.

Such considerations do not, however, dispose of the merits of this case, in our opinion. Upon the record presented, we know nothing of the factual background or the subjective circumstances in which this stipulation was executed. All that appears is that the respondent, after ample time for deliberation, voluntarily stipulated that consideration of Mr. Landers' claim might be reserved. A stipulation is a "proceeding in court, under the court's supervision,"[7] and is binding upon the parties with "whatever force and effect 'a proceeding in court' may have" until it is attacked or set aside.[8] A stipulation should be interpreted in view of the result which the parties were attempting to accomplish, Huegel v. Huegel, supra, n. 7, 329 Mo. at 576, 46 S.W.2d at 158, and it seems plain beyond question that when the stipulation was executed, the parties had in mind that Landers might assert some kind of claim arising out of the same accident at a later date, and agreed that he might do so. Mr. Landers' claim was expressly reserved in the stipulation under consideration; its provisions are in no sense as broad and inclusive as those found in the Keller case and the Max case, both of which recited that "[a]ll of the matters and things in controversy" had been settled. Stipulations varying or altering trial procedure, or waiving the benefit of procedural statutes, have been consistently enforced by our courts in the absence of any claim of fraud, duress or mistake,[9] and we can perceive no sound reason why the respondent should not now be held to what she has stipulated.

6. Note 7, notes to original Rule 13, Fed.R. Civ.P., 28 U.S.C.A. Rule 13, p. 342; 3A Barron & Holtzoff, Fed.Practice & Proc., p. 439 (Rules Ed. 1958) ; Bellmore Sales Corp. v. Winfield Drug Stores, Inc., S.D. N.Y., 187 F.Supp. 161, 162 [5, 6] ; Wendell v. Holland-America Line, S.D.N.Y., 30 F.R.D. 162, 163–64; see also Douglas v. Wisconsin Alumni Research Foundation, N.D.Ill., 81 F.Supp. 167, 170–171 [8, 9] ; LaFollette v. Herron, E.D.Tenn., 211 F. Supp. 919, 920.

7. Keller v. Keklikian, supra, 362 Mo. at 926, 244 S.W.2d at 1004 [2, 3]; Huegel v. Huegel, 329 Mo. 571, 575, 46 S.W. 2d 157, 158 [1–4]; Galbreath v. Rogers, 30 Mo.App. 401, 406; 83 C.J.S. Stipulations § 1, p. 2. See also Brookings State Bank v. Federal Reserve Bank of San Francisco, D.C.Ore., 291 F. 659, 660 [1].

8. Keller v. Keklikian, supra, 362 Mo. at 926, 244 S.W.2d at 1004 [2, 3]; Hansen v. Ryan, Mo., 186 S.W.2d 595, 600 [6]; Early v. Smallwood, 302 Mo. 92, 106, 256 S.W. 1053, 1055–56 [2] ; Casler v. Chase, 160 Mo. 418, 425, 60 S.W. 1040, 1041–42; Short v. Taylor, 137 Mo. 517, 526, 38 S.W. 952, 954.

9. For examples, see Berry v. Chitwood, Mo., 362 S.W.2d 515, 518 [9]; Corder v. Morgan Roofing Co., 355 Mo. 127, 141, 195 S.W.2d 441, 448 [11]; Zeitinger v. Hargadine-McKittrick Dry Goods Co., 309 Mo. 433, 457, 274 S.W. 789, 797 [6]; Casler v. Chase, supra, n. 8, 160 Mo. at 425, 60 S.W. at 1041–1042; General Motors Acceptance Corp. v. Van Ausdall, 241 Mo.App. 499, 507, 249 S.W. 2d 1003, 1007 [7] ; Maryland Casualty Co. v. Dobbin, 232 Mo.App. 557, 568, 108 S.W.2d 166, 172 [1]; Carpenter v. City of Versailles, Mo.App., 65 S.W.2d 957, 958 [2, 3]; Gregg v. Kroensbein, Mo. App., 209 S.W. 113, 115 [6]. See Short v. Taylor, supra, n. 8, 137 Mo. at 526, 38 S.W. at 953–954 [3].

For the reasons indicated, the judgment should be reversed and the cause remanded. It is so ordered.

RUARK, P. J., concurs.

STONE, J., concurs in the result.